AVILA & PEROS, LLP
Michael F. Avila, Esq. SBN: 158958
[Email: mfa@a-plaw.com]
Daniel A. De Soto, Esq. SBN: 205861
[Email: dad@a-plaw.com]
2101 Rosecrans Ave., Suite 5260
El Segundo, CA 90245
Telephone: (310) 410-8001
Facsimile: (310) 410-8004

Attorneys for Plaintiffs

FILED
JUL - 1 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ___ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VENUS ANGELIQUE HISAW,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES; and DOES 1-100, inclusive,<br><br>Defendants. | Case No.: '08 CV 1214 JM BLM<br><br>COMPLAINT FOR:<br><br>(1) Negligence<br>(2) Premises Liability<br>(3) Deprivation of Civil Rights (42 U.S.C. §1983)<br>(4) Wrongful Death Pursuant to California Code of Civil Procedure § 377.60, et al.<br><br>DEMAND FOR JURY TRIAL<br>(F.R.Civ. Pro. Rule 38 & S.D. Cal. L.R. 38.1) |

COMES NOW Plaintiff VENUS ANGELIQUE HISAW (hereinafter "Plaintiff") and hereby set forth the following allegations and causes of action against Defendant, UNITED STATES of America, Acting by and Through The Department of the Interior, Bureau of Land Management; and DOES 1 to 100, inclusive:

-1-

# I.

# INTRODUCTION

1. This matter arises out of the death of Kyle Przysiecki, a 15 year old minor, who was killed in a vehicle accident with Shannon Duane Eifert on the Imperial Sand Dunes Recreational Area (hereinafter "ISDRA"), a property owned by the defendant UNITED STATES OF AMERICA (hereinafter "UNITED STATES"), and/or DOES 1-25, on December 25, 2005 (the "Incident"). Plaintiff is VENUS ANGELIQUE HISAW, an individual who is the mother of decedent Kyle Przysiecki. Defendant UNITED STATES acted at relevant times by and through The Department of the Interior's sub-division, the Bureau of Land Management (BLM), and waived its immunity pursuant to the Federal Tort Claim Act. Plaintiff alleges herein several causes of action based upon alternative theories of liability based upon the facts and circumstances surrounding the Incident as currently known and/or believed to be true, and reserve the right to amend this Complaint if and/or when any additional facts are discovered giving rise to new/additional causes of action.

# II.

# JURISDICTION and VENUE

2. The claims made herein are asserted pursuant to the United States Constitution, the Federal Tort Claims Act and 42 U.S.C. §§ 1983 and 1988, 28 U.S.C. §§ 1346, 2671-2680 Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 (federal question), and pendant jurisdiction.

3. Venue is proper pursuant to 28 U.S.C. §1391, as the acts complained of herein occurred in the Southern District of California.

# III.

# THE PARTIES

4. At all times relevant hereto, VENUS ANGELIQUE HISAW, was a resident of the City of Orange, County of Orange, State of California.

5. Based upon information and belief, at all times relevant hereto, Defendant

-2-

UNITED STATES acted by and through the Bureau of Land Management (hereinafter "BLM"), a political subdivision of The Department of the Interior, duly organized and existing under the laws of the UNITED STATES of America.

6. The true names and capacities, whether individual, plural, corporate, partnership, associate, or otherwise, of DOES 1-100, are unknown to Plaintiffs who therefore sue said Defendants by such fictitious names. The full extent of the facts linking such fictitiously sued Defendants are unknown to Plaintiff. Plaintiff is informed and believes, and thereupon alleges, that each of the Defendants designated herein as a DOE was negligent, participated, authorized and/or ratified the intentional conduct alleged herein, or in some actionable manner, is responsible for the events and happenings hereinafter complained of, and thereby legally causing the hereinafter described injuries and damages to Plaintiffs. Plaintiffs will hereafter seek leave of the Court to amend this Complaint to show the Defendants' true names and capacities after the same have been ascertained.

7. Plaintiffs are informed and believe, and thereupon allege, that at all times mentioned herein, Defendants, and each of them, including DOES 1 through 100, inclusive, and each of them, were agents, servants, employees, successors in interest, and/or joint venturers of their Co-Defendants, and were, as such, acting within the course, scope, and authority of said agency, employment, and/or venture, and that each and every Defendant, as aforesaid, while acting as a principal, was negligent in the selection and hiring of each and every other Defendant and/or authorized or ratified the wrongful conduct of each and every other Defendant.

### IV.

### GENERAL ALLEGATIONS

**(Alleged by Plaintiffs against All Defendants, and DOES 1-100, Inclusive)**

8. Plaintiff hereby incorporate by this reference as if fully set forth herein, each and every allegation set forth in each and every averment of the preceding Paragraphs 1

through 7 above of this Complaint.

9. The subject accident of this lawsuit occurred at approximately 1:00 a.m. on Christmas Day, December 25, 2005, when the son of Plaintiff, Kyle Przysiecki, was operating a 2003 Honda CRF 450 motorbike in the ISDRA. Shannon Eifert was operating his 500 Horsepower 2004 Buckshot Sand Rail after leaving his campsite and was traveling towards SR-78, which was approximately two (2) miles north of the scene of the subject accident. Eifert drove down a hill and into a flat area full of shrubs prior to a perpendicular sand highway. Eifert's Sand Rail proceeded to collide with the Honda CRF 450 causing Plaintiff's son to fall off the dirt bike and to sustain fatal injuries.

10. The property where the subject accident occurred is owned by the UNITED STATES, which, acting by and through The Department of the Interior, Bureau of Land Management, delegated the authority to administer the ISDRA. Within the ISDRA is a "fee area" that is designated by the BLM for use of off-road vehicles, including but not limited to dirt bikes and sand rails. In order to operate an off-road vehicle at ISDRA an individual must provide the BLM, with consideration in the form of fees as well as receive a permit.

11. Based upon information and belief, at all times relevant hereto, Defendant UNITED STATES, acting by and through the Department of the Interior's subdivision, the Bureau of Land Management, contracted with California Highway Patrol, (hereinafter "CHP"), Imperial County Sheriff's Department (hereinafter "Sheriff's Department"), County of Imperial (hereinafter "Imperial County"), and California Department of Parks and Recreation ("CDPR") and Does 41-80 to provide services to ISDRA.

12. On or about December 19, 2007, Plaintiff VENUS ANGELIQUE HISAW presented claims regarding the Incident to BLM for $25,000,000.00 pursuant to the Federal Tort Claims Act and 43 CFR §22 and all pertinent code sections, statutes and laws of The UNITED STATES. The United States failed to make a final disposition of the claim within six months of the filing of the claim.

///

V.

## FIRST CLAIM FOR RELIEF

**(Negligence as Against All Defendants, DOES 1-100, Inclusive)**

13. Plaintiffs hereby incorporate by this reference as if fully set forth herein, each and every allegation set forth in each and every averment of the preceding Paragraphs 1 through 12 above of this Complaint.

14. On December 25, 2005, Shannon Duane Eifert was driving his Sand Rail down a hill and into a flat area full of shrubs causing the Sand Rail to strike a Honda CRF 450 driven by Kyle Przysiecki. As a result of the collision Kyle Przysiecki, the son of plaintiff VENUS ANGELIQUE HISAW sustained fatal injuries.

15. Based upon information and belief, at all times relevant hereto, Defendant UNITED STATES, acting by and through the Department of the Interior, Bureau of Land Management, contracted with the CHP, Sheriff's Department, Imperial County, CDPR, and Does 41-80 to provide services for the safety of the public at ISDRA.

16. Defendants UNITED STATES and Does 1-40 (hereinafter "DEFENDANTS") possessed actual and constructive awareness of the dramatic increase in visitors to ISDRA over the ten (10) years preceding the subject accident. Furthermore, DEFENDANTS possessed actual and constructive awareness that during holiday periods and weekends the population entering the ISDRA sharply increased with up to 200,000 visitors, overnight causing mini-cities to form with little or no supervision, security and/or regulation of the off-road vehicles. DEFENDANTS possessed actual and constructive awareness that accidents, including fatalities, involving off-road vehicles increased exponentially with the rapid influx of visitors, specifically in the area where the subject accident occurred. DEFENDANTS possessed actual and constructive awareness that they failed to have adequate safety rules and regulations for drivers of off-road vehicles. Defendants possessed actual and constructive awareness that they provided inadequate security and safety procedures that prevented adequate medical response time for persons in ISDRA.

17. The injuries suffered by Plaintiff were foreseeable.

18. DEFENDANTS, who possessed actual and constructive awareness of the dangers of the ISDRA, consciously, recklessly and negligently disregarded the dangers. The DEFENDANTS failed to exercise, limit or control the patrons of ISDRA and further failed to remedy the dangers of which they possessed actual and constructive knowledge.

19. As a direct and proximate result of the negligence, carelessness, recklessness, wanton disregard, maliciousness and unlawfulness of all DEFENDANTS, as aforesaid, Kyle Przysiecki suffered fatal injuries and VENUS ANGELIQUE HISAW suffered, and continues to suffer, from the loss of her son. Wherefore each Plaintiff has suffered more than $5,000,000.00 in damages.

## VI.

## SECOND CLAIM FOR RELIEF

### (Premises Liability Against All Defendants, DOES 1-100, Inclusive)

20. Plaintiffs hereby incorporate by this reference as if fully set forth herein, each and every allegation set forth in each and every averment of the preceding Paragraphs 1 through 19 above of this Complaint.

21. DEFENDANTS, as owners of the premises, ISDRA, and through their agents, as hereinabove alleged, were negligent in that, among other things, they failed to exercise due care in the ownership, construction, operation, supervision, maintenance, and security of the premises to ensure that visitors were not subject to any unreasonable risk of harm when on the premises. Furthermore, the DEFENDANTS willfully and/or maliciously failed to guard or warn against a dangerous condition, use, structure or activity.

22. As a direct and proximate result of the negligence, carelessness, recklessness, wanton disregard, maliciousness and unlawfulness of all DEFENDANTS, as aforesaid, Kyle Przysiecki suffered fatal injuries and VENUS ANGELIQUE HISAW suffered, and continues to suffer from the loss of her son. Wherefore Plaintiff has suffered more than $5,000,000.00 in damages.

///

## VII.

## **THIRD CLAIM FOR RELIEF**

**(42 U.S.C. Section 1983 Deprivation of Civil Rights as Defendant United States, and DOES 21-70)**

23. Plaintiffs hereby incorporate by this reference as if fully set forth herein, each and every allegation set forth in each and every averment of the preceding Paragraphs 1 through 22 above of this Complaint.

24. This cause of action is brought pursuant to 42 U.S.C. §§1983 and 1988 for Defendants' violation of rights guaranteed Plaintiffs under the United States Constitution.

25. Defendants, and each of them, during all relevant times were State actors, acting under the color of law.

26. Defendants, and each of them, violated Plaintiffs' rights as provided under the Fourteenth Amendment to the United States Constitution.

27. Prior to and at the time of the subject accident Defendants knew that the ISDRA posed a substantially dangerous threat of death and great bodily harm to the public including Kyle Przysiecki.

28. With gross negligence, recklessness and deliberate indifference to the lives of the public, including Kyle Przysiecki, Defendants withdrew all police officers from the ISDRA on the date of the incident;

29. With gross negligence, reckless and deliberate indifference to life of Kyle Przysiecki, Defendants summoned only limited medical aide when they knew that an air medivac was able to arrive at the scene;

30. With gross negligence, reckless and deliberate indifference to life of Kyle Przysiecki, Defendants created and maintained inadequate rules and regulations for motorists that Defendants knew would result in accidents, deaths and great bodily harm.

31. Said actions by Defendants were a legal cause of the death of Kyle Przysiecki and the damages of the Plaintiff as alleged herein.

///

VIII.

## FOURTH CLAIM FOR RELIEF

**(Wrongful Death as Against All Defendants, DOES 1-100, Inclusive)**

32. Plaintiff hereby incorporates by this reference as if fully set forth herein, each and every allegation set forth in each and every averment of the preceding Paragraphs 1 through 31 above of this Complaint.

42. On December 25, 2005 Kyle Przysiecki was injured and died as hereinabove described.

43. By reason of Kyle Przysiecki's death, and under the laws of the State of California set forth at California Code of Civil Procedure section 377.60, et seq.: Plaintiff VENUS ANGELIQUE HISAW is an heir at law and has suffered an action for the wrongful death and loss of a loving and kind son and would be entitled to the property of Kyle Przysiecki through intestate succession. As legal heir to decedent, VENUS ANGELIQUE HISAW hereby pursues all rights and remedies pursuant to California Code of Civil Procedure sections 377.60, 377.61, and 377.62, et. al.

X.

## PRAYER

WHEREFORE, Plaintiffs pray for judgment as follows:

As to the First Claim for Relief:

1. For compensatory damages of $5,000,000.00 (five million dollars) for VENUS ANGELIQUE HISAW;
2. For prejudgment interest;
3. For costs of suit; and
4. For such other and further relief as the Court deems just and proper.

As to the Second Claim for Relief:

1. For compensatory damages of $5,000,000.00 (five million dollars) for VENUS ANGELIQUE HISAW;
2. For prejudgment interest;

3. For costs of suit; and

4. For such other and further relief as the Court deems just and proper.

As to the Third Claim for Relief:

1. For compensatory damages of $5,000,000.00 (five million dollars) for VENUS ANGELIQUE HISAW;

2. For attorneys' fees, expert fees and expenses of litigation;

3. For prejudgment interest;

4. For costs of suit; and

5. For such other and further relief as the Court deems just and proper.

As to the Fourth Claim for Relief:

1. For compensatory damages of $5,000,000.00 (five million dollars) for VENUS ANGELIQUE HISAW;

3. For prejudgment interest;

4. For costs of suit; and

5. For such other and further relief as the Court deems just and proper.

## XI.
## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable pursuant to Fed. R. Civ. Proc. 38(b) and S.D. Cal. R. 38.1

Dated: June 30, 2008

AVILA & PEROS, LLP

By: _____
Michael F. Avila, Esq.
Daniel A. De Soto, Esq.
Attorneys for Plaintiffs

```
            UNITED STATES
            DISTRICT COURT
        SOUTHERN DISTRICT OF CALIFORNIA
              SAN DIEGO DIVISION

          #  152702     - TC

            July 08, 2008
              09:43:39


           Civ Fil Non-Pris
USAO #.: 08CV1214
Judge..: JEFFREY T MILLER
Amount.:                  $350.00 CK
Check#.: BC12954




        Total->  $350.00


FROM: VENUS ANGELIQUE HISAW
      VS.
      US DOES 1-100
```

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
VENUS ANGELIQUE HISAW

**(b)** County of Residence of First Listed Plaintiff: Orange, California
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Daniel A. De Soto, Esq., Avila & Peros, LLP (310) 410-8001
2101 Rosecrans Ave., Suite., 5260, El Segundo, California 90245

## DEFENDANTS
UNITED STATES, and Does 1-100 inclusive

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

**FILED JUL - 1 2008 CLERK, U.S. DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA BY ___ DEPUTY**

**08 CV 1214 JM BLM**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | **LABOR** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. Sections 1981, 1983, 1985 and 1988; 28 U.S.C. Sections 2671-2680, 1331, 1332, 1346

Brief description of cause:
Premises liability case involving U.S. owned property where fatal accident occurred.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 20,000,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE Ruben B. Brooks   DOCKET NUMBER 07CV0039-WQH

DATE: 06/30/2008
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # 152707   AMOUNT $350   APPLYING IFP   JUDGE   MAG. JUDGE



SAC 7/8/08

CR