1  KAREN P. HEWITT
   United States Attorney
2  ERNEST CORDERO, JR.
   Assistant U.S. Attorney
3  State of California Bar No. 131865
   Office of the U.S. Attorney
4  880 Front Street, Room 6293
   San Diego, CA 92101-8893
5  Telephone: (619) 557-7473
   Email: ernest.cordero@usdoj.gov
6
   Attorneys for Defendant
7  United States of America

8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10

11  VENUS ANGELIQUE HISAW,                )    Case No. 08cv1214-WQH (RBB)
                                          )
12                                        )    **NOTICE OF MOTION AND MOTION**
                  Plaintiff,              )    **TO DISMISS COMPLAINT OR, IN**
13                                        )    **THE ALTERNATIVE, FOR SUMMARY**
          v.                              )    **JUDGMENT**
14                                        )
15  UNITED STATES; and DOES 1-100, inclusive,)  DATE:  October 14, 2008
                                          )    TIME:   11:00 a.m.
16                                        )    CTRM:  4
                  Defendants.             )
17                                        )    [NO ORAL ARGUMENT UNLESS
                                          )    REQUESTED BY THE COURT]
18  _____)  Hon. William Q. Hayes

19          **TO:    ALL PARTIES AND THEIR ATTORNEYS OF RECORD**

20          **PLEASE TAKE NOTICE** that on October 14, 2008 at 11:00 a.m., or as soon thereafter

21  as counsel may be heard, in the Courtroom of the Honorable William Q. Hayes, Defendant

22  United States of America, through its attorneys of record, Karen P. Hewitt, United States

23  Attorney, and Ernest Cordero, Jr., Assistant U.S. Attorney, will, and now does, bring its Motion

24  to Dismiss Complaint or, in the Alternative, for Summary Judgment pursuant to Rules 12(b)(1),

25  (6) and 56 of the Federal Rules of Civil Procedure.  There will be no oral argument unless

26  requested by the Court.

27  ///

28  ///

1    This motion is based upon this Notice of Motion and Motion, the accompanying

2  Memorandum of Points and Authorities, the Declaration of Donna L. Reynolds and the files

3  and records of this case.

4
         DATED:  August 28, 2008              KAREN P. HEWITT
5                                             United States Attorney

6                                             /s Ernest Cordero, Jr.

7                                             ERNEST CORDERO, JR.
                                              Assistant U.S. Attorney
8
                                              Attorneys for Defendant
9                                             United States of America

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1                          UNITED STATES DISTRICT COURT

2                        SOUTHERN DISTRICT OF CALIFORNIA

3    VENUS ANGELIQUE HISAW,                 )    Case No. 08cv1214 JM (BLM)
                                            )
4                        Plaintiff,         )
                                            )
5        v.                                 )    **CERTIFICATE OF SERVICE**
                                            )
6    UNITED STATES; and DOES 1-100, inclusive,)
                                            )
7                        Defendants.        )
     _____)

8
         IT IS HEREBY CERTIFIED THAT:
9
         I, the undersigned, am a citizen of the United States and am at least eighteen years of
10   age.  My business address is 880 Front Street, Room 6293, San Diego, California 92101-
     8893.   I am not a party to the above-entitled action.  I have caused service of:
11
         **NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT OR, IN THE**
12   **ALTERNATIVE, FOR SUMMARY JUDGMENT, MEMORANDUM OF POINTS AND**
     **AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT OR, IN THE**
13   **ALTERNATIVE, FOR SUMMARY JUDGMENT AND DECLARATION OF DONNA L.**
     **REYNOLDS IN SUPPORT OF MOTION TO DISMISS COMPLAINT OR, IN THE**
14   **ALTERNATIVE, FOR SUMMARY JUDGMENT.**

15   on the following parties by electronically filing the foregoing with the Clerk of the District Court
     using its ECF System, which electronically notifies them.
16
     Michael F. Avila, Esq.
17   Daniel A. De Soto
     Avila & Peros, LLP
18   2101 Rosecrans Avenue, Suite 5260
     El Segundo, CA 90245
19   mfa@a-plaw.com
     jpk@a-plaw.com
20   representing Plaintiffs

21   _____
     Charles Viviano, Esq.
22   The Viviano Law Firm
     3333 Camino Del Rio South, Suite 220
23   San Diego, CA 92108
     trials@vivianolaw.org
24   representing County of Imperial and Imperial County Sheriff's Department

25   _____
         I hereby certify that I have caused to be mailed the foregoing, by the United States
26   Postal Service, to the following non-ECF participants on this case:

27   Shannon Duane Eifert, in Pro Per
     W6783 Center Valley Road
28   Shiocton, Wisconsin 54170

     _____

                                        3                              08cv1214

the last known addresses, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 28, 2008.



Y. Reyes

08cv1214

1  KAREN P. HEWITT
   United States Attorney
2  ERNEST CORDERO, JR.
   Assistant U.S. Attorney
3  State of California Bar No. 131865
   Office of the U.S. Attorney
4  880 Front Street, Room 6293
   San Diego, CA 92101-8893
5  Telephone: (619) 557-7473
   Email: ernest.cordero@usdoj.gov
6
   Attorneys for Defendant
7  United States of America

8                   UNITED STATES DISTRICT COURT
9                 SOUTHERN DISTRICT OF CALIFORNIA
10

VENUS ANGELIQUE HISAW,                    )    Case No. 08cv1214-WQH (RBB)
11                                        )
                                          )    DECLARATION OF DONNA L.
12            Plaintiff,                   )    REYNOLDS IN SUPPORT OF
                                          )    MOTION TO DISMISS COMPLAINT
13       v.                               )    OR, IN THE ALTERNATIVE, FOR
                                          )    SUMMARY JUDGMENT
14                                        )
   UNITED STATES; and DOES 100, inclusive, )    DATE: October 14, 2008
15                                        )    TIME: 11:00 a.m.
              Defendants.                 )    CTRM: 4
16                                        )
   ───────────────────────────────────── )    Hon. William Q. Hayes
17

18       I, Donna L. Reynolds, declare as follows:

19       I am a paralegal employed by the Department of the Interior. Since October 19, 2003,

20  I have worked in the Office of the Regional Solicitor, Pacific Southwest Region, located at

21  2800 Cottage Way, E-1712, Sacramento, California 95825. The office has responsibility for

22  receiving administrative claims in excess of $2,500.00 from client agencies including the

23  Bureau of Land Management (BLM) and adjudicating those claims for the Department of the

24  Interior. As a paralegal in the Regional Solicitor's Office, I am responsible for logging in all

25  administrative claims received by this office. I also maintain the office files for all

26  administrative claims and monitor the claims through the adjudication process. As part of my

27  duties, I also prepare and send correspondence to claimants and attorneys regarding the

28  disposition of claims.

1  I have personal knowledge of all facts contained in this declaration. If called upon to
2  do so, I could and would competently testify thereto.

3  1.    On or about January 19, 2007, Plaintiff Venus Angelique Hisaw filed an
4  administrative claim with BLM alleging negligence with respect to BLM's staffing, maintenance
5  and supervision of the Imperial Sand Dunes Recreation Area ("ISDRA") on December 25,
6  2005, the date of a fatal accident involving Kyle Przysiecki. (A true and correct copy of the
7  administrative claim (hereinafter, "first administrative claim") is attached as Exhibit 1 to this
8  declaration.) As part of my duties, I personally was responsible for logging in the claim at the
9  Regional Solicitor's Office. Plaintiff filed the claim in her own name. Nowhere in the claim is
10  there any reference to an attorney representing Plaintiff.

11  2.    In her first administrative claim, Plaintiff listed her address as 16302 Rhone
12  Lane, Huntington Beach, CA 92647. On February 2, 2007, BLM sent Plaintiff a letter denying
13  the claim via certified mail. (A true and correct copy of the denial letter is attached as Exhibit
14  2 to this declaration.) The letter was sent to the same address listed in Plaintiff's first
15  administrative claim.

16  3.    On or about February 26, 2007, the Postal Service returned the denial letter to
17  BLM with an explanation that the letter had been unclaimed. The documentation from the
18  Postal Service appears to indicate that notice of the letter was left at Plaintiff's residence on
19  February 5 and February 15, 2007 before the letter was returned to BLM on February 26,
20  2007. I personally was responsible for placing the returned denial letter in the office files. (A
21  true and correct copy of the documentation received from the Postal Service indicating that
22  the letter was unclaimed is attached as page 3 to Exhibit 2 of this declaration.)

23  4.    Although Plaintiff was not represented by an attorney when she filed her first
24  administrative claim, I sent a copy of the denial letter to Michael Avila of the Avila & Peros firm
25  because he was the attorney representing the Estate of Kyle Przysiecki and might be in
26  contact with Plaintiff. (Attached as Exhibit 3 is the office copy of the denial letter I sent to Mr.
27  Avila on March 2, 2007 with my handwritten notation indicating that it was sent to him.) To my
28  knowledge, BLM did not receive any communications from Mr. Avila in response to the letter.

1  The office file with respect to this administrative claim does not reflect any communications

2  from Mr. Avila around the time I sent him a copy of the letter. Our office practice would be to

3  file in the administrative claim all communications received from claimants and their attorneys.

4      5.      On December 21, 2007, BLM received a second administrative claim from

5  Plaintiff which was presented to BLM by Avila & Peros, LLP on Plaintiff's behalf. (A true and

6  correct copy of the second administrative claim is attached as Exhibit 4.) BLM had not acted

7  on the second administrative claim prior to July 1, 2008.

8      I declare under penalty of perjury under the laws of the United States that the foregoing

9  is true and correct. Executed on this 27th day of August 2008.

10

11  Donna L. Reynolds

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT

## "1"

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: <br><br> United States Bureau of Land Management <br> c/o United States Department of the Interior <br> ATTN: Donna L. Reynolds, Office of the Solicitor <br> 2800 Cottage Way, Rm. E-1712 <br> Sacramento, CA 95825 | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, Street, City, State and Zip Code) <br><br> Venus Angelique Hisaw - Claimant <br> 16302 Rhone Lane <br> Huntington Beach, CA 92647 |
|---|---|

| 3. TYPE OF EMPLOYMENT <br> ☐ MILITARY  ☒ CIVILIAN | 4. DATE OF BIRTH <br> 12/20/1964 | 5. MARITAL STATUS <br> single | 6. DATE AND DAY OF ACCIDENT <br> 12/25/2005 | 7. TIME (A.M. OR P.M.) <br> 1:00 p.m. |
|---|---|---|---|---|

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.)

Claimant's 15 year-old son Kyle Przysiecki was riding a motorcycle in the Imperial Sand Dunes Recreational Area, in Glamis, California, which is federal land designated for recreational use by off-highway vehicles. Due to the United States Bureau of Land Management's failure to properly maintain the area to protect the safety of the public for whom the land is openly made available, an unsafe condition was created where other riders are not able to see each other until it is too late to avoid collisions. As a result of the dangerous condition, another off-road vehicle driven by Shannon Duane Eifert collided with the Claimant's son, causing serious chest and abdominal injuries to Claimant's son resulting in death. The United States Bureau of Land Management also failed to adequately staff and supervise the area resulting in a lack of timely and adequate medical care being available to save the life of the Claimant's son following the collision.

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).
No property damage is being claimed.

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See Instructions on reverse side.)
No property damage is being claimed.

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

The cause of Claimant's son Kyle Przysiecki's death is attributed to "chest and abdominal injuries" and "blunt force trauma" due to the collision.

| 11. | WITNESSES |
|---|---|
| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
| Shannon Bargsten <br> Matt Hove | 802 S. Clementine St., Anaheim, CA 92805 <br> 2210 S. Lewis St., Anahaim, CA 92805 |

| 12. (See instructions on reverse.) | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE <br><br> $0.00 | 12b. PERSONAL INJURY <br><br> $0.00 | 12c. WRONGFUL DEATH <br><br> $25,000,000.00 | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) <br><br> $25,000,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) <br><br> *[signature]* | 13b. Phone number of person signing form <br> (714) 873-0107 | 14. DATE OF SIGNATURE <br> 1/16/07 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for the civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729.) | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |

| 95-109 | NSN 7540-00-634-4046 | STANDARD FORM 95 <br> PRESCRIBED BY DEPT. OF JUSTICE <br> 28 CFR 14.2 |
|---|---|---|

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

15. Do you carry accident insurance?  ☐ Yes    If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.    ☒ No

16. Have you filed a claim on your insurance carrier in this instance, and if so, is it full coverage or deductible?  ☐ Yes   ☒ No

17. If deductible, state amount.

Not applicable.

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts.)
Not applicable.

19. Do you carry public liability and property damage insurance?  ☐ Yes    If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code).    ☒ No

---

## INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.**

### Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY

**Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.**

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item #12 of this form.

DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

The amount claimed should be substantiated by competent evidence as follows:

*(a)* In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

*(b)* In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

*(c)* In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

*(d)* Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
  A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, D.C. 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

SF 95    BACK

STATE OF CALIFORNIA
TRAFFIC COLLISION REPORT ~WQH-RBB Document 7-2    Filed 08/28/2008    Page 7 of 53
CHP 555 CARS Page 1 (Rev 1-03) OPI 061

*FATAL* (handwritten)

Page 1 of 13

| SPECIAL CONDITIONS | NUMBER INJURED | HIT & RUN FELONY | CITY | | JUDICIAL DISTRICT | LOCAL REPORT NUMBER |
|---|---|---|---|---|---|---|
| FATAL OFF-HIGHWAY | 0 | | UNINCORPORATED | BRAWLEY | | 05-12-53 |
| | NUMBER KILLED | HIT & RUN MISDEMEANOR | COUNTY | REPORTING DISTRICT | BEAT | |
| | 1 | | IMPERIAL | | 906 | |

**LOCATION**

COLLISION OCCURRED ON: IMPERIAL SAND DUNES RECREATION AREA

| MO DAY YEAR | TIME (2400) | NCIC # | OFFICER I.D. |
|---|---|---|---|
| 12/25/2005 | 1300 | 9625 | 016842 |

MILEPOST INFORMATION:

| DAY OF WEEK | TOW AWAY | | PHOTOGRAPHS BY: |
|---|---|---|---|
| SUNDAY | YES ☐  NO ☒ | | OFFICER |

☐ AT INTERSECTION WITH:
☒ OR: 2 MILE(S) SOUTH OF SR-78

STATE HWY REL: YES ☐  NO ☒

PHOTOGRAPHS BY: OFFICER DAVIDSON #17011

☐ NONE

| PARTY 1 | DRIVER'S LICENSE NUMBER | STATE | CLASS | AIR BAG | SAFETY EQUIP. | VEH. YEAR | MAKE / MODEL / COLOR | LICENSE NUMBER | STATE |
|---|---|---|---|---|---|---|---|---|
| | NONE | CA | U | P | W | 2003 | HONDA CRF 450 RED | X07V40 | CA |

DRIVER ☒  NAME (FIRST, MIDDLE, LAST): KYLE PRZYSIECKI

PEDESTRIAN ☐
PARKED VEHICLE ☐
BICYCLIST ☐
OTHER ☐

STREET ADDRESS: 1723 BEVERLEY DR.
CITY / STATE / ZIP: ORANGE    CA    92868

OWNER'S NAME: ☐ SAME AS DRIVER — BARGSTEN, SHANNON
OWNER'S ADDRESS: ☐ SAME AS DRIVER — 802 S. CLEMINTINE ST. ANAHEIM CA 92805

| SEX | HAIR | EYES | HEIGHT | WEIGHT | BIRTHDATE Mo Day Year | RACE |
|---|---|---|---|---|---|---|
| M | BRN | BLU | 6-00 | 180 | 4/8/1990 | W |

HOME PHONE: (714)634-2406
BUSINESS PHONE: NONE

DISPOSITION OF VEHICLE ON ORDERS OF: ☐ OFFICER  ☐ DRIVER  ☒ OTHER — RELEASED TO MATTHEW HOVE
PRIOR MECH. DEFECTS: ☒ NONE APP.  ☐ REFER TO NARRATIVE
VEHICLE IDENTIFICATION NUMBER: JH2PE05303M108819

INSURANCE CARRIER: NONE    POLICY NUMBER:

| VEHICLE TYPE | DESCRIBE VEHICLE DAMAGE | SHADE IN DAMAGED AREA |
|---|---|---|
| 02 | ☐ UNK  ☐ NONE  ☐ MINOR  ☒ MOD  ☐ MAJOR  ☐ ROLL-OVER | |

DIR OF TRAVEL: S   ON STREET OR HIGHWAY: OPEN DESERT   SPEED LIMIT:
CA ___  DOT ___
CAL-T ___ TCP/PSC ___ MC/MX ___

| PARTY 2 | DRIVER'S LICENSE NUMBER | STATE | CLASS | AIR BAG | SAFETY EQUIP. | VEH. YEAR | MAKE / MODEL / COLOR | LICENSE NUMBER | STATE |
|---|---|---|---|---|---|---|---|---|
| | E163765155249 | MI | F | P | P | 2004 | BUCKSHOT X5 ORG/BLK | NONE | |

DRIVER ☒  NAME (FIRST, MIDDLE, LAST): SHANNON DUANE EIFERT

PEDESTRIAN ☐
PARKED VEHICLE ☐
BICYCLIST ☐
OTHER ☐

STREET ADDRESS: 17804 120TH AVE.
CITY / STATE / ZIP: NUNICA    MI    49448

OWNER'S NAME: ☒ SAME AS DRIVER
OWNER'S ADDRESS: ☒ SAME AS DRIVER

| SEX | HAIR | EYES | HEIGHT | WEIGHT | BIRTHDATE Mo Day Year | RACE |
|---|---|---|---|---|---|---|
| M | BRN | BLU | 6-01 | 210 | 3/29/1976 | W |

HOME PHONE: (616)837-7898
BUSINESS PHONE: (616)502-3090

DISPOSITION OF VEHICLE ON ORDERS OF: ☐ OFFICER  ☒ DRIVER  ☐ OTHER — TOWED AWAY BY DRIVER
PRIOR MECHANICAL DEFECTS: ☒ NONE APP.  ☐ REFER TO NARRATIVE
VEHICLE IDENTIFICATION NUMBER: 122559315

INSURANCE CARRIER: NONE    POLICY NUMBER:

| VEHICLE TYPE | DESCRIBE VEHICLE DAMAGE | SHADE IN DAMAGED AREA TOP VIEW |
|---|---|---|
| 42 | ☐ UNK  ☐ NONE  ☐ MINOR  ☒ MOD  ☐ MAJOR  ☐ ROLL-OVER | |

DIR OF TRAVEL: N   ON STREET OR HIGHWAY: OPEN DESERT   SPEED LIMIT:
CA ___  DOT ___
CAL-T ___ TCP/PSC ___ MC/MX ___

| PARTY 3 | DRIVER'S LICENSE NUMBER | STATE | CLASS | AIR BAG | SAFETY EQUIP. | VEH. YEAR | MAKE / MODEL / COLOR | LICENSE NUMBER | STATE |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | HDQ | |

DRIVER ☐  NAME (FIRST, MIDDLE, LAST):

PEDESTRIAN ☐
PARKED VEHICLE ☐
BICYCLIST ☐
OTHER ☐

STREET ADDRESS:
CITY / STATE / ZIP:

OWNER'S NAME: ☐ SAME AS DRIVER
OWNER'S ADDRESS: ☐ SAME AS DRIVER

FARS
CALTRANS
COURT:
JUV.
CO. RD.
CORONER
MILITARY
CHP

| SEX | HAIR | EYES | HEIGHT | WEIGHT | BIRTHDATE Mo Day Year | RACE |
|---|---|---|---|---|---|---|
| | | | | | | |

HOME PHONE:
BUSINESS PHONE:

DISPOSITION OF VEHICLE ON ORDERS OF: ☐ OFFICER  ☐ DRIVER  ☐ OTHER
PRIOR MECHANICAL DEFECTS: ☐ NONE APP.  ☐ REFER TO NARRATIVE
VEHICLE IDENTIFICATION NUMBER:

INSURANCE CARRIER:    POLICY NUMBER:

| VEHICLE TYPE | DESCRIBE VEHICLE DAMAGE | SHADE IN DAMAGED AREA |
|---|---|---|
| | ☐ UNK  ☐ NONE  ☐ MINOR  ☐ MOD  ☐ MAJOR  ☐ ROLL-OVER | |

DIR OF TRAVEL:   ON STREET OR HIGHWAY:   SPEED LIMIT:
CA ___  DOT ___
CAL-T ___ TCP/PSC ___ MC/MX ___

PREPARER'S NAME: D. CHEAK 016842

DISPATCH NOTIFIED: ☒ YES  ☐ NO  ☐ N/A

REVIEWER'S NAME: KMB NO 9641

DATE REVIEWED: 1/26/6

**INJURED / WITNESSES / PASSENGERS**

CHP 555 CARS Page 3 (Rev 1-03) OPI 061

| DATE OF COLLISION (MO. DAY YEAR) | TIME(2400) | NCIC # | OFFICER I.D. | NUMBER |
|---|---|---|---|---|
| 12/25/2005 | 1300 | 9625 | 016842 | 05-12-53 |

| WITNESS ONLY | PASSENGER ONLY | AGE | SEX | EXTENT OF INJURY('X' ONE) | | | | INJURED WAS ('X' ONE) | | | | | PARTY NUMBER | SEAT POS. | AIR BAG | SAFETY EQUIP. | EJECTED |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | FATAL INJURY | SEVERE INJURY | OTHER VISIBLE INJURY | COMPLAINT OF PAIN | DRIVER | PASS. | PED. | BICYCLIST | OTHER | | | | | |
| # ☐ | ☐ | 15 | M | ☒ | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ | 1 | 1 | P | W | 1 |

NAME / D.O.B. / ADDRESS — TELEPHONE
KYLE PRZYSIECKI (04/08/1990) 1723 BEVERLEY DR. ORANGE CA 92868    (714)634-2406

(INJURED ONLY) TRANSPORTED BY: IMPERIAL COUNTY CORONER    TAKEN TO: IMPERIAL COUNTY CORONER

DESCRIBE INJURIES: FATAL INTERNAL TRAUMA, PRONOUNCED DEAD AT THE SCENE BY DR. REESE
FROM PIONEER MEDICAL CENTER AT 1108 HOURS, CORONER CASE #C-05-238.

☐ VICTIM OF VIOLENT CRIME NOTIFIED

| # ☐ | ☒ | 29 | F | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | 2 | 3 | P | P | 0 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

NAME / D.O.B. / ADDRESS — TELEPHONE
TRISHA EIFERT (06/22/1976) 17804 120TH AVE. NUNICA MI 49448    (616)837-7898

(INJURED ONLY) TRANSPORTED BY:    TAKEN TO:

DESCRIBE INJURIES:

☐ VICTIM OF VIOLENT CRIME NOTIFIED

| ☒ 1 | ☐ | 20 | M | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

NAME / D.O.B. / ADDRESS — TELEPHONE
MATTHEW TODD HOVE (02/25/1985) 2210 S. LEWIS ST. ANAHEIM CA 92805    (714)939-9878

(INJURED ONLY) TRANSPORTED BY:    TAKEN TO:

DESCRIBE INJURIES:

☐ VICTIM OF VIOLENT CRIME NOTIFIED

| ☒ 2 | ☐ | 39 | M | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

NAME / D.O.B. / ADDRESS — TELEPHONE
RICHARD OTTO RIECK (01/30/1966) 9360 EVERGREEN DR. TRAVERSE CITY MI 49684    (231)275-3430

(INJURED ONLY) TRANSPORTED BY:    TAKEN TO:

DESCRIBE INJURIES:

☐ VICTIM OF VIOLENT CRIME NOTIFIED

| ☒ 3 | ☐ | 54 | M | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

NAME / D.O.B. / ADDRESS — TELEPHONE
DAVID WOLFE (09/15/1951) 1302 MILLBURY RD. NORTHWOOD OH 43619    (419)836-7600

(INJURED ONLY) TRANSPORTED BY:    TAKEN TO:

DESCRIBE INJURIES:

☐ VICTIM OF VIOLENT CRIME NOTIFIED

| # ☐ | ☐ | | | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

NAME / D.O.B. / ADDRESS — TELEPHONE

(INJURED ONLY) TRANSPORTED BY:    TAKEN TO:

DESCRIBE INJURIES:

☐ VICTIM OF VIOLENT CRIME NOTIFIED

| PREPARER'S NAME | I.D. NUMBER | MO. DAY YEAR | REVIEWER'S NAME | MO. DAY YEAR |
|---|---|---|---|---|
| J. D. CHEAK | 016842 | 12/25/2005 | | |

STATE OF CALIFORNIA
## SKETCH DIAGRAM
CHP 555 Page 4(Rev. 8-97) OPI 042                                          PAGE   4 OF 3

| DATE OF INCIDENT 12/25/2005 | TIME 1300 | NCIC NUMBER 9625 | OFFICER I.D. 016842 | NUMBER 05  12  53 |
|---|---|---|---|---|

ALL MEASUREMENTS ARE APPROXIMATE AND NOT TO SCALE UNLESS STATED (SCALE=            )

### IMPERIAL SAND DUNES
### RECREATIONAL AREA
### ( GLAMIS )

OPEN DESERT





DESERT SHRUB

DESERT SHRUB

V-2

SR-78

DESERT SHRUB

V-1

DESERT SHRUB

| PREPARED BY M. D. DAVIDSON | I.D. NUMBER 017011 | DATE 12/25/2005 | REVIEWER'S NAME | DATE |
|---|---|---|---|---|

STATE OF CALIFORNIA
**FACTUAL DIAGRAM**
CHP 555 Page 4(Rev. 8-97)  OPI 042

PAGE 5 OF 13

| DATE OF INCIDENT | TIME | NCIC NUMBER | OFFICER I.D. | NUMBER |
|---|---|---|---|---|
| 12/25/2005 | 1300 | 9625 | 016842 | 05 12 53 |

ALL MEASUREMENTS ARE APPROXIMATE AND NOT TO SCALE UNLESS STATED (SCALE=           )

### IMPERIAL SAND DUNES
### RECREATIONAL AREA
### ( GLAMIS )

OPEN DESERT





N 32 DEG.56.964'
W 115 DEG. 08.883'

N 32 DEG.56.972'
W 115 DEG. 08.871'

DESERT SHRUB

N 32 DEG. 56.971'
W115 DEG.08.889'

N32 DEG. 56.973'
W115 DEG. 08.878'

V-1

N 32 DEG.56.975'
W115 DEG.08.893'

N32 DEG. 56.974'
W115 DEG. 08.877'

N32 DEG. 56.978'
W115 DEG. 08.877'

N32 DEG. 56.978'
W115 DEG. 08.877'

N32 DEG. 56.978'
W115 DEG. 08.879'

P-1

V-2

N32 DEG. 56.979'
W115 DEG. 08.877'

N32 DEG. 57.608'
W115 DEG. 09.782'

N 32 DEG.56.979'
W115 DEG.08.900'

DESERT SHRUB

SR-78

GECKO  ROAD

| PREPARED BY | I.D. NUMBER | DATE | REVIEWER'S NAME | DATE |
|---|---|---|---|---|
| M. D. DAVIDSON | 017011 | 12/25/2005 | | |

STATE OF CALIFORNIA
**NARRATIVE/SUPPLEMENTAL**                              PAGE _6_ OF _13_

| DATE OF INCIDENT | TIME | NCIC NUMBER | OFFICER I.D. | NUMBER |
|---|---|---|---|---|
| 12/25/2005 | 1300 | 9625 | | |

1  <u>PHYSICAL EVIDENCE LEGEND:</u>

2

3      A STATION LINE WAS NOT UTILIZED DUE TO THE SURROUNDING OPEN DESERT

4      TERRAIN.  ALL PHYSICAL EVIDENCE LOCATIONS WERE OBTAINED BY GLOBAL

5      POSITIONING SATELLITE ( GPS ) COORDINATES.

6

7

8  <u>VEHICLE POINTS OF REST</u>:

9

10

11  V-2   RR-   N 32 DEGREES 56.978'

12            W115 DEGREES 08.877'

13

14       RF-   N 32 DEGREES 56.978'

15            W115 DEGREES 08.879'

16

17  V-1  REAR-    N 32 DEGREES 56. 973'

18            W 115 DEGREES 08.878'

19

20      FRONT-   N 32 DEGREES 56. 974'

21            W 115 DEGREES 08.877'

22

23  PARTY #1   HEAD-   N 32 DEGREES 56.978'

24                W 115 DEGREES 08.877'

25

26          GROIN- N 32 DEGREES 56.979'

27                W 115 DEGREES 08.877'

| PREPARED BY | I.D. NUMBER | DATE | REVIEWER'S NAME | DATE |
|---|---|---|---|---|
| M. D. DAVIDSON | 017011 | 12/25/2005 | | |

STATE OF CALIFORNIA
## NARRATIVE/SUPPLEMENTAL
PAGE 7 of 13

| DATE OF INCIDENT | TIME | NCIC NUMBER | OFFICER I.D. | NUMBER |
|---|---|---|---|---|
| 12/25/2005 | 1300 | 9625 | 16842 | 05-12-53 |

1  **FACTS**

2  **NOTIFICATION**

3

4       I received a call from El Centro Communications Center of a fatal traffic collision on Gecko

5  Rd. south of SR-78 at 1400 hours. I responded from the CHP/El Centro office and arrived on

6  scene at 1455 hours. All times, speeds, and measurements are approximate. All measurements

7  were obtained by global positioning satellite (GPS).

8

9  **SCENE**

10

11       The traffic collision occurred in the Imperial Sand Dunes Recreational Area (Glamis) which

12  is federal land designated for recreational use by off highway vehicles. The collision occurred

13  south of SR-78 and east of Gecko Rd. in the open desert at GPS location N 32 degrees 56.974

14  and W 115 degrees 08.876. There are no designated lanes for traffic and there is no set speed

15  limit. The open desert has small bumps/dips approximately 1.5 feet in depth. The path surface is

16  composed of loose sand in this area. The area contains desert shrubs which are approximately 5

17  feet each in height. The weather was sunny, clear and the roadway was dry at the time of the

18  collision.

19

20  **PARTIES/VEHICLES**

21

22       **Party #1 (Przysiecki)** was located lying on his back facing in a westerly direction and was

23  pronounced dead at the scene by Dr. Reese at 1408 hours. Party #1 was identified by

24  Witness #1 (Hove). Party #1 was identified as the driver of Vehicle #1 by Witness #1 and

25  Party #2 (Eifert). P-1 did not have a helmet on upon my arrival it was taken off so paramedics

26  could perform first aid. P-1 did have a full face helmet, but the DOT sticker and the make were

27  painted over. The helmet contained scrapes along the top.

28

| PREPARED BY | I.D. NUMBER | DATE | REVIEWER'S NAME | DATE |
|---|---|---|---|---|
| J.D. Cheak | 16842 | 12/26/2005 | | |

STATE OF CALIFORNIA
**NARRATIVE/SUPPLEMENTAL**                                          PAGE 8 of 13

| DATE OF INCIDENT | TIME | NCIC NUMBER | OFFICER I.D. | NUMBER |
|---|---|---|---|---|
| 12/25/2005 | 1300 | 9625 | 16842 | 05-12-53 |

1  **PARTIES/VEHICLES CONTINUED**

2

3    **Vehicle #1 (Honda)** was located lying on its left side on the sand facing in an easterly

4  direction.  Vehicle #2 sustained moderate damage to the front tire, handlebars, both foot pegs,

5  front axle and crankcase.  A white whip with an orange flag was located along the left rear of V-1.

6  While Witness #1 was loading V-1 into the back of his truck, I observed him click down a total of

7  three times on the clutch to get V-1 in neutral.  I was unable to determine what gear V-1 was in

8  prior to the collision, due to W-1 moving the clutch prior to me inspecting V-1.

9

10    **Party #2 (Eifert)** was located sitting on the sand just east of the traffic collision scene.  P-2

11  was identified by his Michigan Driver License.  P-2 was identified as the driver of V-2 by his own

12  admission, P-2 is the registered owner of V-2 and statement of his passenger.

13

14    **Vehicle #2 (Buckshot)** was located on its left side in the sand facing in an easterly

15  direction.  V-2 sustained minor damage to the left front, left headlight and the left front shock was

16  broken.  The seatbelts were inspected and found to be in good working order.  A white whip with a

17  black and white flag was located along the top of V-2.  No prior mechanical defects were noted or

18  claimed.

19

20  **24 HOUR HISTORY**

21

22    I contacted Party #1's (Przysiecki) stepfather at the scene and he did not remember P-1's

23  full activities from the prior 24 hours.  P-1 went to his aunt's house in Orange, Ca. on 12-24-05 at

24  5:00 P.M. and was there until 8:30 P.M.  P-1 spent the night at his father's house and woke up at

25  5:30 A.M.  They left to the Sand Dunes at that time.  They stopped at the Denny's in Moreno

26  Valley and had breakfast.  They arrived at the Imperial Sand Dunes Recreational Area at 10:30

27  A.M. and P-1 began riding at 11:00 A.M.  P-1 was very experienced and had been riding since he

28  was three years old.

| PREPARED BY | I.D. NUMBER | DATE | REVIEWER'S NAME | DATE |
|---|---|---|---|---|
| J.D. Cheak | 16842 | 12/26/2005 | | |

STATE OF CALIFORNIA
**NARRATIVE/SUPPLEMENTAL**                                    PAGE 9 of 13

| DATE OF INCIDENT | TIME | NCIC NUMBER | OFFICER I.D. | NUMBER |
|---|---|---|---|---|
| 12/25/2005 | 1300 | 9625 | 16842 | 05-12-53 |

1  **PHYSICAL EVIDENCE**

2

3       See Physical Evidence Page.

4

5  **AGENCIES INVOLVED**

6

7       California Highway Patrol (CHP) El Centro Area

8       2331 Highway 86

9       Imperial, Ca. 92251

10      (760) 482-2500

11

12      Officer M. Davidson #17011 (Prepared the factual diagram and took photographs).

13

14      Imperial County Sheriff (ICSO) Central Division

15      328 Applestill Rd.

16      El Centro, Ca. 92243

17      (760) 339-6311

18

19      Deputy Kelley #588

20      Deputy Marin #611

21      Sgt. Duran #848

22

23

24

25

26

27

28

| PREPARED BY | I.D. NUMBER | DATE | REVIEWER'S NAME | DATE |
|---|---|---|---|---|
| J.D. Cheak | 16842 | 12/26/2005 | | |

STATE OF CALIFORNIA
## NARRATIVE/SUPPLEMENTAL

| DATE OF INCIDENT | TIME | NCIC NUMBER | OFFICER I.D. | NUMBER |
|---|---|---|---|---|
| 12/25/2005 | 1300 | 9625 | 16842 | 05-12-53 |

1  **AGENCIES INVOLVED CONTINUED**

2

3　　　Gold Cross Paramedic #2640

4　　　905 S. Imperial Ave.

5　　　El Centro, Ca. 92243

6　　　(760) 353-3380

7

8　　　Paramedic S. Holt

9　　　Paramedic J. Cerda

10

11　　　Pioneers Memorial Hospital

12　　　207 Legion Rd.

13　　　Brawley, Ca. 92227

14　　　(760) 351-3333

15

16　　　Dr. Reese

17

18  **STATEMENTS**

19

20　　　**Party #1 (Przysiecki)** was unable to relate anything, due to his fatal injuries.

21

22　　　**Witness #1 (Hove)** was contacted at scene and related the following:  He was riding with

23　　　P-1 and was staggered to the right of P-1, approximately 50 feet behind P-1. They had just

24　　　left P-1's father's campsite located near Gecko Rd. and SR-78 and were traveling to P-1's

25　　　stepfather's campsite located near Gecko Rd. and mile post marker 2.5.  They were in

26　　　fourth gear at approximately 45 mph traveling in a southeast direction.  They were about to

27　　　travel in between some shrubs when he noticed V-2 entering the area northbound in

28　　　between shrubs.  He stopped and noticed P-1 did not notice V-2 because of the shrubs

| PREPARED BY | I.D. NUMBER | DATE | REVIEWER'S NAME | DATE |
|---|---|---|---|---|
| J.D. Cheak | 16842 | 12/26/2005 | | |

STATE OF CALIFORNIA
**NARRATIVE/SUPPLEMENTAL**                                               PAGE 11 of 13

| DATE OF INCIDENT | TIME | NCIC NUMBER | OFFICER I.D. | NUMBER |
|---|---|---|---|---|
| 12/25/2005 | 1300 | 9625 | 16842 | 05-12-53 |

1    and was going to collide into V-2. V-1 collided into the left front of V-2. After the collision

2    P-1 was thrown off of V-1 and landed on the sand. He stated that he had been with P-1

3    the entire morning and P-1 does not drink alcohol nor does he use any drugs.

4

5    **Party #2 (Eifert)** was contacted at scene and related the following: He was traveling in a

6    northeast direction leaving his campsite and traveling with a group of other vehicles

7    towards SR-78. He was in second gear and estimated his speed to be 40 mph. He was

8    traveling down a hill and entering a flat part of the sand and did not notice any vehicles or

9    see any whips traveling in the area. He began entering an area that contained shrubs

10   when he noticed something coming from the left side. He swerved V-2 to the right. He

11   was unable to avoid V-1 and was struck along the left front by V-1. After the collision V-2

12   rolled over onto its left side. P-2 has been driving off road for approximately ten years and

13   been to Glamis a total of three times. P-2 had V-2 for approximately three months. P-2

14   never noticed V-1 as he was traveling down the hill. He noticed V-1 when he was

15   approximately 50 feet from the collision scene.

16

17   **STATEMENTS CONTINUED**

18

19   **Passenger #1 (T. Eifert)** was contacted at scene and related the following: She was

20   sitting in the right front of V-2 and P-2 was driving. They were traveling in a northerly direction at

21   40 mph. She just remembers entering an area with shrubs and never saw V-1 until after the

22   collision. After the collision V-2 rolled over onto its left side.

23

24   **Witness #2 (Rieck)** was contacted at scene and related the following: He was traveling

25   approximately 150 feet behind V-2 and they had just left the campsite. He was at the top of a hill

26   and V-2 was at the bottom. He estimated V-2 was traveling between 45-50 mph. He noticed V-2

27   was entering an area with shrubs and he observed V-1 was traveling straight towards V-2. He

28   believed V-1 was opened up all the way, but couldn't estimate a speed. P-2 swerved V-2 to the

| PREPARED BY | I.D. NUMBER | DATE | REVIEWER'S NAME | DATE |
|---|---|---|---|---|
| J.D. Cheak | 16842 | 12/26/2005 | | |

STATE OF CALIFORNIA
**NARRATIVE/SUPPLEMENTAL**                                          PAGE 12 of 13

| DATE OF INCIDENT | TIME | NCIC NUMBER | OFFICER I.D. | NUMBER |
|---|---|---|---|---|
| 12/25/2005 | 1300 | 9625 | 16842 | 05-12-53 |

1  right to avoid a collision, but it was too late and V-1 collided into V-2. He stated that there was no

2  way to avoid a collision and in that area it was hard to see because of the shrubs and everything

3  is flat.

4

5      **Witness #3 (Wolfe)** was contacted at scene and related the following: He was sitting in the

6  right front seat and Witness #2 was driving. They were headed towards the SR-78 and were

7  approximately 200 feet behind V-2. He stated that V-2 was traveling on a flat part of the sand and

8  they were up on a hill. He estimated V-2's speed to be between 45-50 mph. He stated V-2 was

9  entering an area with shrubs and from where they were stopped he could see V-1 was traveling

10  straight towards V-2. He stated that P-2 attempted to avoid a collision by swerving V-2 to the

11  right, but it was too late. V-1 collided into the front of V-2. P-1 was thrown off of V-1 and V-2

12  rolled onto it left side. He stated that V-1 was traveling at a high rate of speed and appeared to

13  be opened up all the way. He stated that there was no way to avoid a traffic collision due to the

14  shrubs obstructing the visibility of P-2 and P-1.

15

16  **OPINIONS AND CONCLUSIONS**

17  **SUMMARY**

18

19      Party #1 (Przysiecki) was traveling on Vehicle #1 (Honda) southeast in the open desert of

20  the Imperial Sand Dunes Recreational Area (Glamis) in fourth gear, in excess of 45 mph.

21  Party #2 (Eifert) was traveling in Vehicle #2 (Buckshot) northeast in the open desert of the

22  Imperial Sand Dunes Recreational Area (Glamis) at 40 mph. Due to P-1's unsafe speed on an

23  off-highway vehicle, he entered the area that was flat and had desert shrubs in front of V-2. P-2

24  noticed something coming from the left side and attempted to take evasive action by swerving V-2

25  to the right. V-2 was unable to avoid V-1 and V-1 collided into the left front of V-2. After the

26  collision P-1 was thrown from V-1 and landed at his point of rest. V-2 rolled over onto its left side.

27  Summary was based on the statements obtained, damage to the involved vehicle and physical

28  evidence.

| PREPARED BY | I.D. NUMBER | DATE | REVIEWER'S NAME | DATE |
|---|---|---|---|---|
| J.D. Cheak | 16842 | 12/26/2005 | | |

STATE OF CALIFORNIA
**NARRATIVE/SUPPLEMENTAL**                                        PAGE 13 of 13

| DATE OF INCIDENT | TIME | NCIC NUMBER | OFFICER I.D. | NUMBER |
|---|---|---|---|---|
| 12/25/2005 | 1300 | 9625 | 16842 | 05-12-53 |

1  **AREA OF IMPACT (AOI)**

2

3      AOI #1 (V-1 vs V-2) was located using a GPS coordinate of approximately N 32 degrees

4  56.974 and W 115 degrees 08.876.

5      AOI #2 (P-1 vs ground) was located using a GPS coordinate of approximately N 32

6  degrees 56.979 and W 115 degrees 08.877.

7      AOI was based on the statements obtained, damage to the involved vehicle and physical

8  evidence.

9

10  **CAUSE**

11

12      The cause of this traffic collision is Party #1 (Przysiecki) by driving Vehicle #1 (Honda)

13  in violation of 38305 VC- (No person shall drive an off-highway motor vehicle at a speed greater

14  than is reasonable or prudent and in no event at a speed which endangers the safety of other

15  persons or property).  Cause was based on the statements obtained, damage to the involved

16  vehicle and physical evidence.

17

18  **RECOMMENDATIONS**

19

20      None.

21

22

| PREPARED BY | I.D. NUMBER | DATE | REVIEWER'S NAME | DATE |
|---|---|---|---|---|
| J.D. Cheak | 16842 | 12/26/2005 | | |



# Imperial County Coroner's Office

*328 Applestill Rd. El Centro, CA 92243    Phone: (760) 339-6328    Fax: (760) 339-6330*



COPY

**Kyle Robert Przysiecki**                                    **Coroner Case Number:  05-238**

| CLASSIFICATION | Manner of Death | | Sub Manner of Death | | | Deputy Coroner | |
|---|---|---|---|---|---|---|---|
| | Accident (Vehicle) | | | | | Charles R. Lucas | |
| | Type of Medical Examination | | Time Departed | Time Arrival | Date of Death | | Time of Death |
| | Autopsy | | 1419 | 1454 | 12/25/2005 | | 1408 |

| DECEDENT PERSONAL DATA | Name-First | | Middle | | Last | | Marital Status |
|---|---|---|---|---|---|---|---|
| | Kyle | | Robert | | Przysiecki | | Never Married |
| | Age | Date of Birth | Place of Birth | | Height | Weight | Hair | Eyes |
| | 15 | 04/08/1990 | CA | | 6' 02'' | 205 | Brown | Blue |
| | Sex | Teeth | | Race | | | SSN |
| | M | | | White | | | 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 |
| | Scars, Marks, Tattoos | | | | | | |

| RESIDENCE | Address | | City | State | Zip |
|---|---|---|---|---|---|
| | 1723 W. Beverley Dr. | | Orange | Californ | 92868 |

| PLACE OF DEATH | Place | | County | State |
|---|---|---|---|---|
| | Open Desert | | Imperial | |
| | Address | | City | |
| | Geck Road, Glamis N32.94968 W 115.14801 | | Glamis | CA |

| REPORTING INFORMATION | Death Reported By | Agency | Date | Time | Removed From Scene To |
|---|---|---|---|---|---|
| | | CHP El Centro | 12/25/2005 | 1412 | |
| | Address | | City | State | Zip |
| | 2331 Hwy. 86 | | El Centro | CA | 92243 |

| CAUSE OF DEATH | Immediate Cause: | **Chest and Abdominal Injuries** | |
|---|---|---|---|
| | Due to: | **Blunt Force Trauma** | **CONFIDENTIAL** |
| | Due to: | | **DO NOT REPRODUCE OR RELEASE TO ANYONE** |
| | Due to: | | **OUTSIDE THE CRIMINAL JUSTICE SYSTEM** |

| OTHER SIGNIFICANT CONDITIONS | None |
|---|---|

| INJURY INFORMATION | Place of Injury | | Injury at Work? | Date of Injury | Time | Estimated |
|---|---|---|---|---|---|---|
| | Open Desert | | No | 12/25/2005 | Unknown | |
| | Address of Injury    GPS: N 32.94968 W 115.14801 | | City | County | | State |
| | | | Glamis | Imperial | | CA |
| | Injury Description | | | | | |
| | The decedent was driving a motorcycle involved in an accident | | | | | |

| IDENTIFICATION | Identification Method | | Identified By | |
|---|---|---|---|---|
| | Visually | | Father | |

| NOTIFIED | Name | Relationship | Mailing Address | |
|---|---|---|---|---|
| | Michael Ted Przysiecki | Father | 1723 W. Beverley Dr.  Orange, CA 92868 | |
| | Notified By | How Notified | | Date | Time |
| | Charles R. Lucas | In Person | | 12/25/2005 | 1454 |

| ADDITIONAL INFORMATION | Physician | Other Investigation | Funeral Home |
|---|---|---|---|
| | | CHP El Centro | Frye Chapel & Mortuary |

Harold D. Carter, Sheriff-Coroner

The Foregoing Instrument Is A Correct
Copy Of The Original On File In This Office.
Attest: 6-6-06

Sheriff-Coroner
County Of Imperial, State of California

Charles R. Lucas Supervising Deputy Coroner              Charles R. Lucas Supervising Deputy Coroner



1  <u>DEPUTY CORONER:</u>

2        I, Charles R. Lucas, Supervising Deputy Coroner, conducted this

3  investigation for the Imperial County Coroner's Office.

4  <u>RECEIPT OF CALL:</u>

5        On Sunday, December 25, 2005, at approximately 1412 hours, I received

6  a telephone call at my residence from the Imperial County Sheriff's Office

7  Communication Center, advising me of a coroner case involving a deceased

8  person located at Glamis.  I immediately responded to that location.

9  <u>ARRIVAL AT SCENE:</u>

10       On December 25, 2005, at approximately 1454 hours, I arrived at the

11  scene and met with the Sheriff's Deputy's on scene, who directed me to the

12  decedent's location.

13  <u>DESCRIPTION OF SCENE / GPS:</u>

14       The scene is that of open desert approximately 200 yards east of Gecko

15  Road in the Imperial Sand Dunes Recreation Area otherwise known as Glamis.

16       The GPS for this location is N 32.94968 and W 115.14801.

17  <u>VIEWING OF DECEDENT:</u>

18       Upon my arrival I observed the decedent was lying on the east side of a

19  small dune covered by a yellow emergency blanket. Upon removal of the blanket

20  I saw that the decedent was lying supine and had medical intervention devices in

21  place that are described as follows: 3 electrocardiogram patches, 1 to the upper

22  right chest, 1 to the upper left chest, and 1 to the left side; an endotracheal tube;

23  and 1 intravenous line in the right inner arm.

1    The decedent did not show signs of rigor or cyanosis, but lividity was

2    present on the back area of the decedent. I did not observe any signs of foul play

3    type trauma to the decedent's person.

4    The decedent is a White male adult, 15 years of age, 6'2" tall, weighing

5    approximately 205 lbs, with brown hair and blue eyes.  I further noted the

6    decedent was wearing grey and black motorcycle pants, grey and black

7    motorcycle boots, and a grey and black motorcycle shirt.

8    PROPERTY:

9    While at the scene I initiated an Imperial County Coroner's Office property

10    receipt number 1116, to reflect that no property was retained by the Imperial

11    County Coroner's Office.

12    REMOVAL / TRANSPORTATION:

13    Prior to removal the decedent was placed in a removal pouch and then

14    transported to the Imperial County Coroner's Facility, located at 799 Highway 86,

15    Brawley, CA.

16    IDENTIFICATION:

17    The decedent's father, Michael Przysiecki, identified him as Kyle

18    Przysiecki, with a date of birth of April 8, 1990.

19    NOTIFICATION:

20    Paramedics made notification to the decedent's father, Michael Przysiecki,

21    on December 25, 2005, prior to my arrival

22    X-RAYS:

23    No x rays were taken of the decedent.

Kyle Przysiecki    COPY    4

1    <u>POST MORTEM EXAMINATION:</u>

2    On December 30, 2005, at approximately 0835 hours, a post mortem

3    examination was conducted under the direction of Darryl J. Garber, M.D.,

4    Forensic Pathologist.  Present at the post mortem examination was Autopsy

5    Assistant Miguel Del Valle and I.

6    At the conclusion of the post mortem examination at approximately 0935

7    hours, Dr. Garber listed the cause of death as; (A) **Chest and Abdominal**

8    **Injuries**, (B) **Blunt Force Trauma**, other conditions; **none**.

9    <u>FINGERPRINTS / PHOTOGRAPHS:</u>

10    Deputy Coroner Mike Mistriel took fingerprints of the decedent at the post

11    mortem examination.

12    I took photographs of the scene and Deputy Coroner Mike Mistriel to

13    photographs at the post mortem examination.

14    <u>INVESTIGATION:</u>

15    Subsequent investigation revealed that on December 25, 2005, at

16    approximately 1320 hours the decedent, Kyle Przysiecki, was riding a motorcycle

17    in generally a southeasterly direction when a dune buggy traveling in generally a

18    northeast direction collided with the decedent. The collision caused the decedent

19    to be ejected from the motorcycle and the dune buggy to roll over on the driver's

20    side.

21    Emergency medical assistance was summoned and paramedics arrived in

22    an ambulance. The paramedics evaluated the decedent and started emergency

23    care. The information from their evaluation was relayed to the base hospital

1   where after careful consideration Doctor Rees pronounced the decedent dead at

2   1408 hours.

3        Based upon all of the evidence, toxicology and autopsy information, this

4   case has been classified as an **accidental** death by, the Imperial County

5   Coroner's Office and me.

6   <u>TOXICOLOGY TESTS:</u>

7        On December 30, 2005, during the post mortem examination, a sample of

8   the decedent's central blood, urine, and bile was retained for toxicology testing.

9        On January 6, 2005, the Imperial County Coroner's Office received the

10  toxicology test results, which indicates that the decedent ingested no detectible

11  substances prior to his death.  For further information refer to Toxicology Report

12  in the file.

13  <u>WITNESSES:</u>

14  1.    Darryl J. Garber, M.D., Forensic Pathologist, Rancho Mirage, CA

15  2.    Miguel Del Valle, Autopsy Assistant, Imperial County Coroner's Facility,

16        Brawley, CA

17  3.    Charles R. Lucas, Supervising Deputy Coroner, Coroner's Office, Imperial

18        County Sheriff's Department, El Centro, CA

19  4.    Doctor Rees, El Centro Regional Medical Center, El Centro, CA

20  5.    J.D. Cheak, Officer, California Highway Patrol, El Centro, CA

21  <u>REFERENCE NOTES:</u>

22  1.    Death certificate as filed with the Imperial County Health Department in file

23  2.    Autopsy protocol as per Dr. Garber in file

C-05-238                        Kyle Przysiecki                        6

1    3.    Imperial County Coroner's property receipt numbered 1116 in file

2    4.    Toxicology test results in file

3    5.    Photographs in file on compact disk

4    6.    Fingerprints in file

5    7.    California Highway Patrol Report number 05-12-53, as completed by

6          Officer Cheak in file

7

8

9          **Harold D. Carter**

10         **Sheriff-Coroner**

11         **Imperial County, CA**

12

13

14    BY:    Charles R. Lucas

15           **Supervising Deputy Coroner**

16

17    HDC/CRL



# BIO-TOX LABORATORIES

| Director | Chief Toxicologist | Toxicologist |
|---|---|---|
| Romulo Tabo, M.D. | Dale R. Somers, C.L.S. | Maureen Black, C.T.S. |



IMPERIAL COUNTY SHERIFF-CORONER                                    05-238
328 APPLESTILL RD.                                   PRZYSIECKI, KYLE R.
EL CENTRO, CA  92243


|  PATIENT NAME | | SEX | DATE OF DEATH |
|---|---|---|---|
| PRZYSIECKI, KYLE R. | | M | 12/25/05 |

| BTL NUMBER | REQUESTING AGENCY | REQUESTED BY | AGENCY NUMBER |
|---|---|---|---|
| 6-60349-9 | 2438 | LUCAS | 05-238 |

| SPECIMEN | DATE COLLECTED | TIME TAKEN | DATE RECEIVED | DATE REPORTED |
|---|---|---|---|---|
| BLOOD | 12/30/05 | 09:03 | 01/04/06 | 01/06/06 |

EXPANDED IMMUNOASSAY DRUG SCREEN

SAMPLE SCREENED FOR:
AMPHETAMINES (AMPHETAMINE, METHAMPHETAMINE), BENZODIAZEPINES, CANNABINOIDS,
COCAINE AND/OR METABOLITE, OPIATES (MORPHINE, CODEINE) PHENCYCLIDINE (PCP),
BARBITURATES AND ALCOHOL.


| TEST | RESULTS |
|---|---|
| ALCOHOL, ETHYL BLOOD | 0.00% (W/V) |
| TRAFFIC PANEL BLOOD | NONE DETECTED |


## CONFIDENTIAL
DO NOT REPRODUCE OR RELEASE TO ANYONE
OUTSIDE THE CRIMINAL JUSTICE SYSTEM

The Foregoing Instrument Is A Correct
Copy Of The Original On File In This Office.
Attest: 6-6-06
                                      Sheriff-Coroner
County Of Imperial, State of California

By _Norma Royer_ Deputy



CORONER'S OFFICE
COUNTY OF IMPERIAL





HAROLD D. CARTER
Sheriff-Coroner-Marshal

DARRYL J. GARBER, M.D.
Forensic pathologist

## AUTOPSY PROTOCOL

NAME OF DECEDENT:    PRZYSIECKI, KYLE        CORONER'S CASE: #05-238

ANATOMIC SUMMARY:

I.    Blunt force trauma

    A.    Chest and abdominal injuries

        1.    Transected thoracic aorta

            a.    Bilateral hemothoraces (1,190 left, 260 cc right)

            b.    Bilateral pulmonary atelectasis

        2.    Multiple rupture/lacerations, liver and right adrenal gland

        3.    Multiple fractures, right ribs 3 through 7, left ribs 3 through 10, pelvis and right femur

    B.    Multiple abrasions, contusions and lacerations, face, torso, bilateral upper and bilateral lower extremities

II.    Toxicology (see separate report)

CONCLUSION:    (Cause of Death)

A)    Chest and abdominal injuries

B)    Blunt force trauma

OTHER CONDITIONS:    None

DATE AND TIME OF AUTOPSY:    December 30, 2005 @ 8:35 a.m. to 9:35 a.m.

The Foregoing Instrument Is A Correct Copy Of The Original On File In This Office.
Attest:_____6-6-06_____
Sheriff-Coroner
County Of Imperial. State of California

By _Norma Roye_ Deputy

**CONFIDENTIAL**
DO NOT REPRODUCE OR RELEASE TO ANYONE
OUTSIDE THE CRIMINAL JUSTICE SYSTEM

COPY

NAME OF DECEDENT:    PRZYSIECKI, KYLE         CORONER'S CASE: #05-238
PAGE TWO

EXTERNAL EXAMINATION:  The body is that of a well-developed and well-nourished white teenage male which appears to be about the stated age of 15 years old, weighing approximately 205 pounds and measuring approximately 74" in height.  The body is in rigor mortis.  There are no significant scars over the body.  An intravenous line is present in the right antecubital fossa.  A thoracostomy tube is present in the right anterior superior chest.  There are multiple abrasions, contusions and lacerations over the body which will be separately described.  The hair is brown.  The head is not remarkable except for some injuries to be described.  The eyes are blue.  The eyes and ears show no abnormality. The nose and mouth are normal and the mouth contains an endotracheal tube.  The chest and abdomen are normal except for some injuries to be described.  Genitalia are those of a normal teenage male.  The extremities show multiple injuries to be described.

DESCRIPTION OF EXTERNAL INJURIES:   There are multiple 1 to 3 cm red-brown abrasions over the bilateral chin and left cheek.  There is a 6 x 13 cm red-brown abrasion over the right lower quadrant of the abdomen.  There is a 2 cm red abrasion over the suprapubic region of the lower abdomen.  There are multiple 0.5 to 3.4 x 7 cm pink and red-brown abrasions and contusions over the bilateral anterior thighs, right anterior knee, bilateral anterior lower legs, right dorsal foot and right posterior thigh.  There is a 5 cm irregular open laceration over the left anterior lateral thigh.   There is a 1 x 3.5 cm red-brown abrasion over the right posterior flank.   There is a 0.7 x 4 cm red-brown abrasion over the right lower back.  There are multiple 0.5 to 2 cm red-brown and purple abrasions and contusions over the bilateral dorsal hands.

DESCRIPTION OF INTERNAL INJURIES:   Examination of the chest reveals multiple fractures of the right ribs 3 through 7 and left ribs 3 through 10 anteriorly and laterally. The aorta is completely transected at the descending thoracic aorta 2 cm distal to the aortic arch.   There are 1,190 cc of liquid and clotted blood in the left pleural cavity, 260 cc of liquid and clotted blood in the right pleural cavity.   The lungs show bilateral atelectasis.  Examination of the abdomen reveals comminuted fractures of the pelvis. Examination of the liver reveals multiple rupture/lacerations of the left lobe measuring 3.7 to 11.3 cm with extensive fragmentation of the right lobe of the liver.  The right adrenal gland is extensively fragmented and hemorrhagic.

Examination of the right femur reveals a mid shaft fracture dislocation.

OPINION:  These are fatal chest and abdominal injuries due to blunt force trauma leading to the demise of this 15-year-old white male.

INTERNAL EXAMINATION:  The body is opened with the usual Y-shaped incision.  The organs of the thorax and abdomen are in their normal positions.  The pleural, pericardial and peritoneal surfaces are smooth and glistening.  There are extensive bilateral hemothoraces as previously described with a midline shift of the mediastinum to the right. The liver is at the right costal margin.  The mediastinum is in the midline.  The liver is at the right costal margin.



NAME OF DECEDENT:____PRZYSIECKI, KYLE_____CORONER'S CASE: #06-238
PAGE THREE

CARDIOVASCULAR SYSTEM: The heart weighs 320 gm. The epicardium is smooth and glistening. The myocardium is firm and red-brown. The endocardium and valves are thin and glistening. The coronary arteries are normally developed. The aorta is normal in caliber and there is complete transection of the descending thoracic aorta 2 cm distal to the aortic arch. The great vessels of the neck and visceral arteries are normal in size. The great veins are collapsed and empty.

RESPIRATORY SYSTEM: The right lung weighs 410 gm, the left 310 gm. The visceral pleurae are smooth and glistening. The cut surfaces are contused and congested. The larynx, trachea and major bronchi are lined by smooth glistening mucosa.

GASTROINTESTINAL SYSTEM: The esophagus is normal. The stomach is empty. The small bowel contains red-brown chyme. The large bowel contains green-brown soft stool.

HEPATOBILIARY SYSTEM: The liver weighs 1,360 gm. The surface shows multiple rupture/lacerations with extensive fragmentation of the right lobe. The parenchyma is soft and hemorrhagic. The gallbladder is intact and contains 7 cc of bile. The bile ducts are normally developed. The pancreas is firm and pale.

HEMATOPOIETIC SYSTEM: The spleen weighs 230 gm. The surface is smooth. The parenchyma is soft and congested. The bone marrow is firm and red-brown.

UROGENITAL SYSTEM: The right kidney weighs 120 gm, the left 130 gm. The surfaces are smooth. The cortices are well demarcated from the medulla. The renal pelves, ureters and urinary bladder are normally developed. The bladder contains 60 cc of urine. The prostate is normal in size. The testicles are normally descended and within the scrotum.

ENDOCRINE SYSTEM: The pituitary, thyroid and adrenal glands are normal in size and configuration and there is fragmentation of the right adrenal gland.

MUSCULOSKELETAL SYSTEM:   The axial and appendicular skeleton is normally developed and shows the previously described injuries.

CENTRAL NERVOUS SYSTEM: The brain weighs 1,430 gm. The cerebral hemispheres are symmetrical with normal convolutions. The leptomeninges are clear and glistening. The cortex is well demarcated from the white matter. The ventricles are normal in size and lined by smooth glistening ependyma. The cerebrospinal fluid is clear. The basal ganglia are well delineated. The cerebellum, brain stem and Circle of Willis are normally developed.

FORENSIC PHOTOGRAPHY: Photographs are taken prior to beginning and during the autopsy.



NAME OF DECEDENT:    PRZYSIECKI, KYLE          CORONER'S CASE: #06-238
PAGE FOUR

FORENSIC RADIOLOGY:   No x-rays of the body are taken.

TOXICOLOGY:    Blood from the left chest, bile and urine are submitted for routine toxicology.

HISTOLOGY:   Tissue is retained in the hold jar.

WITNESS:   Coroner's Deputy, Mike Mistriel, from the Imperial County Sheriff's Office, witnessed the autopsy.

OPINION:   On the basis of the autopsy findings, it is evident that this 15-year-old white male suffered from chest and abdominal injuries due to blunt force trauma which resulted in his rapid demise.  The decedent was reportedly driving his motorcycle through the open desert when he was struck by a dune buggy traveling across his path.    He was pronounced dead at the scene of the accident in the open desert.

_____, M.D.                 ___3/23/06___
Darryl J. Garber, M.D.                            Date
Forensic Pathologist

# AUTOPSY CHECK LIST    COPY


Name of Decedent: _Przysiecki, Kyle_    File Number: _05-238_

Autopsy Location: _____    Doctor: _____

Date/Time: _____

**EXTERNAL** WT _205_ _Brn_
HT _74"_ _blue_

Sclera
Teeth
Mouth
Tongue
Nose
Chest
Breasts
Abdomen } _wnl_
Scar ∅
Genital } _wnl_
Edema ∅
Skin _mult abrasions, contu + lac's_
Decub ∅

**HEART WT** _320_

Pericard
Hypert
Dilat
Muscle } _wnl_
Valves
Coronary

**AORTA** _Completely transected_
**VESSELS** _retroperit_
**LUNGS WT** _Lam distal to_
R _410_ _arch_
L _370_
Adhes ∅ _90 cc blood L_
Fluid _260 cc L blood_
Atelectasis _bilat_
Oedema
Congest
Consol } _Bilat Contu_
Bronchi
Nodes

**PHARYNX**
**TRACHEA**
**THYROID** } _wnl_
**THYMUS**
**NECK**

**PERITONEUM**
Fluid
Adhes
**LIVER WT** _1360_
Caps _Ext frag'd R lobe_
Lobul _(c mult myt lac's_
Fibros
GB
Calc _cont 7 L lobe 3.1 - 11.3 cm_
Bile ducts _lat dye_
**SPLEEN WT** _230_
Color
Consists } _wnl_
Malpig
**PANCREAS**
**ADRENALS** } _wnl_
**KIDNEYS WT**
R _120_ _frag'd R_
L _130_ _adrenal_
Caps
Cortex
Vessels } _wnl_
Pelvis
Ureter
**BLADDER** _wnl ~60 cc urine_
**GENITALIA** _intact_
Prost } _cont_
Testes
Uterus
Tubes
Ovar
**OESOPHAGUS** _wnl_
**STOMACH** _wnl empty_
**DUOB & SM INT**
**APPENDIX** ⊘
**LARGE INT**
**ABDOM NODES** } _wnl_
**SKELETON**
Spine
Marrow
_bk fx pelvis_
_bk R ribs 3-7 (Ant/lat)_

**BRAIN WT** _1430_
Dura
Fluid
Ventric
Vessels } _wnl_
Ears
Nasal Sin

**PHOTO**
YES
NO

**TOXICOLOGY**
Blood _c Chart_
Bile
Urine
Stomach Content
Liver
Brain
Vitrious
Spleen
Kidney

**TISSUE**
Tissue Bag
Cassettes
Frozen

**BODY X-RAYS**
Yes
No

PHOTO YES ☒
PHOTO NO ☐
Blood ☒
Bile ☒
Urine ☒
Stomach Content ☐
Liver ☐
Brain ☐
Vitrious ☐
Spleen ☐
Kidney ☐
Tissue Bag ☒
Cassettes ☐
Frozen ☐
Body X-Ray Yes ☐
Body X-Ray No ☒

**ADDITIONAL COMMENTS:**

_fx R femur_





# *Imperial County Coroner's Office*

*328 Applestill Rd. El Centro, CA 92243*   *Phone: (760) 339-6328   Fax: (760) 339-6330*



## AUTOPSY MEMO

COPY

| NAME | Kyle Robert Przysiecki | | SEX | M | HEIGHT | 6'02" |
|---|---|---|---|---|---|---|
| Death | DATE | 12/25/2005 | AGE | 15 | WEIGHT | 205 |
| | TIME | 1408 | RACE | White | HAIR | Brown |
| | PLACE | Open Desert | COMPLX | Med | EYES | Blue |

Place of Autopsy _____ Imperial County Coroner's Facility, 799 Highway 86, Brawley, California, 92227

Attending Physician (if any) _____

### SUMMARY OF CASE:

The decedent was driving his motorcycle through the open desert when a dune buggy traveling across his path collided with him, ejecting him off the motorcycle.

LAB TESTS: ☒ Traffic   ☐ Coroner   ☐ Comprehensive   ☐ Other

### AUTOPSY REPORT

DATE   12/30/2005   TIME _____   ☐ NATURAL   ☒ ACCIDENT   ☐ HOMICIDE

PATHOLOGIST   Darryl J. Garber _____   ☐ SUICIDE   ☐ PENDING   ☐ UNDETERMINED

TECHNICIAN _____   SPECIMENS RETAINED:   ☒ BLOOD   ☒ BILE   ☒ URINE   ☐ TISSUE

☐ X-RAYS TAKEN # _____   ☐ JAWS TAKEN   ☐ LIVER   ☐ VIT.   ☐ CSF

CAUSE OF DEATH:   (A) _Chest and abdominal injuries - secs_

(B) _Blunt force trauma - secs_

(C) _____

(D) _____

OTHER CONDITIONS:   _None_

| | |
|---|---|
| Decedent:   Kyle Robert Przysiecki | Deputy Coroner:   Charles R. Lucas, Supervising Deputy Coroner |
| Case Number:   05-238 | Date   12/30/2005 |

-2-



# *Imperial County Coroner's Office*

*328 Applestill Rd. El Centro, CA 92243*    *Phone: (760) 339-6328  Fax: (760) 339-6330*


COPY

## AUTOPSY INFORMATION SHEET

Autopsy Date: _12/30/2005_    Time Start: _0835_    Time End: _0935_    Seal Cut: _____

**Coroner at Post:**
Charles R. Lucas, Supervising Deputy Coroner ☐
Michael Mistriel, Deputy Coroner ☑
_____ ☐

**Pathologist:**
Darryl J. Garber ☑
_____ ☐
_____ ☐

**Autopsy Assistant:**
Miguel Del Valle ☑
_____ ☐
_____ ☐

**I.D. Division**
_____ ☐
_____ ☐
_____ ☐
_____ ☐

**Witnesses:**

| Name | Agency |
|---|---|
| | |
| | |
| | |
| | |

### NOTES:

| Central Blood (time): | 0903 | By: | Dr. G | Chest Blood (time): | | By: | |
|---|---|---|---|---|---|---|---|
| Peripheral Blood (time): | | By: | | Vitreous Humor: | | By: | |
| Urine Taken: | 0910 | By: | Dr. G | Liver for Tox: | | By: | |
| | | | | Bile: | 0905 | By: | Dr. G |

**Body Organ Weights (Grams):**

| Right Kidney: | 120 | Right Lung: | 410 | Brain: | 1430 |
|---|---|---|---|---|---|
| Left kidney: | 130 | Left Lung: | 310 | Stomach: | |
| Liver: | 130 1360 | Heart: | 320 | Uterus: | |
| Spleen: | 230 | Pancreas: | | Other: | |

APPENDIX (opinion)
FRACTURED PELVIS
   ,, RT RIBS 3-7 ANTERIOR
   ,, LT RIBS 3-10 ,,

Decedent: Kyle Robert Przysiecki
Case Number: 05-238

Deputy Coroner: Charles R. Lucas, Supervising Deputy Coroner
Date 12/30/2005

- 1 -

DEPARTMENT OF PUBLIC HEALTH

# COUNTY OF IMPERIAL

## EL CENTRO, CALIFORNIA

### CERTIFICATE OF DEATH
STATE OF CALIFORNIA
USE BLACK INK ONLY / NO ERASURES, WHITEOUTS OR ALTERATIONS
VS-11 (REV 1/03)

STATE FILE NUMBER | 3 2005 13 000823
LOCAL REGISTRATION NUMBER

**DECEDENT'S PERSONAL DATA**

| 1. NAME OF DECEDENT — FIRST (Given) | 2. MIDDLE | 3. LAST (Family) |
|---|---|---|
| KYLE | ROBERT | PRZYSIECKI |

AKA, ALSO KNOWN AS — Include full AKA (FIRST, MIDDLE, LAST)

| 4. DATE OF BIRTH mm/dd/ccyy | 5. AGE Yrs | IF UNDER 1 YEAR Months / Days | IF UNDER 24 HOURS Hours / Minutes | 6. SEX |
|---|---|---|---|---|
| 04/08/1990 | 15 | | | M |

| 9. BIRTH STATE/FOREIGN COUNTRY | 10. SOCIAL SECURITY NUMBER | 11. EVER IN U.S. ARMED FORCES? | 12. MARITAL STATUS (at Time of Death) | 7. DATE OF DEATH mm/dd/ccyy | 8. HOUR (24 Hour) |
|---|---|---|---|---|---|
| CA | 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 | YES [ ] NO [X] | Nev.Mar. | 12/25/2005 | 1408 |

| 13. EDUCATION — Highest Level/Degree | 14/15. WAS DECEDENT SPANISH/HISPANIC/LATINO? (If yes, see worksheet on back) | 16. DECEDENT'S RACE — Up to 3 races may be listed (see worksheet on back) |
|---|---|---|
| 10 | YES [ ] NO [X] | White |

| 17. USUAL OCCUPATION — Type of work for most of life, DO NOT USE RETIRED | 18. KIND OF BUSINESS OR INDUSTRY (e.g., grocery store, road construction, employment agency, etc.) | 19. YEARS IN OCCUPATION |
|---|---|---|
| Student | Public Education | 10 |

**USUAL RESIDENCE**

| 20. DECEDENT'S RESIDENCE (Street and number or location) |
|---|
| 1723 W. Beverly Dr. |

| 21. CITY | 22. COUNTY/PROVINCE | 23. ZIP CODE | 24. YEARS IN COUNTY | 25. STATE/FOREIGN COUNTRY |
|---|---|---|---|---|
| Orange | Orange | 92868 | 15 | California |

**INFORMANT**

| 26. INFORMANT'S NAME, RELATIONSHIP | 27. INFORMANT'S MAILING ADDRESS (Street and number or rural route number, city or town, state, ZIP) |
|---|---|
| Angel Hisaw-Przysiecki - Mother | 201 So. Magnolia #43 - Anaheim, CA 92804 |

**SPOUSE AND PARENT INFORMATION**

| 28. NAME OF SURVIVING SPOUSE — FIRST | 29. MIDDLE | 30. LAST (Maiden Name) |
|---|---|---|
| - | - | - |

| 31. NAME OF FATHER — FIRST | 32. MIDDLE | 33. LAST | 34. BIRTH STATE |
|---|---|---|---|
| Michael | Ted | Przysiecki | CA |

| 35. NAME OF MOTHER — FIRST | 36. MIDDLE | 37. LAST (Maiden Name) | 38. BIRTH STATE |
|---|---|---|---|
| Angel | Venus | Hisaw | CA |

**FUNERAL DIRECTOR / LOCAL REGISTRAR**

| 39. DISPOSITION DATE mm/dd/ccyy | 40. PLACE OF FINAL DISPOSITION |
|---|---|
| 12/30/2005 | RES: Michael Przysiecki 1723 W. Beverly Dr. Orange, CA 92868 |

| 41. TYPE OF DISPOSITION(S) | 42. SIGNATURE OF EMBALMER | 43. LICENSE NUMBER |
|---|---|---|
| CR/RES | ► Not Embalmed | |

| 44. NAME OF FUNERAL ESTABLISHMENT | 45. LICENSE NUMBER | 46. SIGNATURE OF LOCAL REGISTRAR | 47. DATE mm/dd/ccyy |
|---|---|---|---|
| Frye Chapel & Mortuary | FD 512 | (signature) | 12/30/2005 |

**PLACE OF DEATH**

| 101. PLACE OF DEATH | 102. IF HOSPITAL, SPECIFY ONE | 103. IF OTHER THAN HOSPITAL, SPECIFY ONE |
|---|---|---|
| Open Desert | IP [ ] ER/OP [ ] DOA [ ] | Hospice [ ] Nursing Home/LTC [ ] Decedent's Home [ ] Other [X] |

| 104. COUNTY | 105. FACILITY ADDRESS OR LOCATION WHERE FOUND (Street and number or location) | 106. CITY |
|---|---|---|
| Imperial | Gecko Rd., GPS: N32.94968 W115.14801 | Glamis |

**CAUSE OF DEATH**

| 107. CAUSE OF DEATH | | |
|---|---|---|
| Enter the chain of events — diseases, injuries, or complications — that directly caused death. DO NOT enter terminal events such as cardiac arrest, respiratory arrest, or ventricular fibrillation without showing the etiology. DO NOT ABBREVIATE. | Time Interval Between Onset and Death | 108. DEATH REPORTED TO CORONER? |
| IMMEDIATE CAUSE (Final disease or condition resulting in death) (A) Chest and Abdominal Injuries | Secs. | YES [X] NO [ ] REFERRAL NUMBER C-05-238 |
| Sequentially, list conditions, if any, leading to cause in Line A. Enter UNDERLYING CAUSE (disease or injury that initiated the events resulting in death) LAST (B) Blunt force trauma | Secs. | 109. BIOPSY PERFORMED? YES [ ] NO [X] |
| (C) | | 110. AUTOPSY PERFORMED? YES [X] NO [ ] |
| (D) | | 111. USED IN DETERMINING CAUSE? YES [X] NO [ ] |

| 112. OTHER SIGNIFICANT CONDITIONS CONTRIBUTING TO DEATH BUT NOT RESULTING IN THE UNDERLYING CAUSE GIVEN IN 107 |
|---|
| None |

**PHYSICIAN'S CERTIFICATION**

| 113. WAS OPERATION PERFORMED FOR ANY CONDITION IN ITEM 107 OR 112? (If yes, list type of operation and date.) | 113A. IF FEMALE, PREGNANT IN LAST YEAR? |
|---|---|
| No | YES [ ] NO [ ] UNK [ ] |

| 114. I CERTIFY THAT TO THE BEST OF MY KNOWLEDGE DEATH OCCURRED AT THE HOUR, DATE, AND PLACE STATED FROM THE CAUSES STATED. | 115. SIGNATURE AND TITLE OF CERTIFIER | 116. LICENSE NUMBER | 117. DATE mm/dd/ccyy |
|---|---|---|---|
| Decedent Attended Since (A) mm/dd/ccyy  Decedent Last Seen Alive (B) mm/dd/ccyy | | | |

| 118. TYPE ATTENDING PHYSICIAN'S NAME, MAILING ADDRESS, ZIP CODE |
|---|
| |

**CORONER'S USE ONLY**

| 119. I CERTIFY THAT IN MY OPINION DEATH OCCURRED AT THE HOUR, DATE, AND PLACE STATED FROM THE CAUSES STATED. | 120. INJURED AT WORK? | 121. INJURY DATE mm/dd/ccyy | 122. HOUR (24 Hours) |
|---|---|---|---|
| MANNER OF DEATH: Natural [ ] Accident [X] Homicide [ ] Suicide [ ] Pending Investigation [ ] Could not be determined [ ] | YES [ ] NO [X] UNK [ ] | 12/25/2005 | 1323 |

| 123. PLACE OF INJURY (e.g., home, construction site, wooded area, etc.) |
|---|
| Open Desert |

| 124. DESCRIBE HOW INJURY OCCURRED (Events which resulted in injury) |
|---|
| The decedent was driving a motorcycle that was involved in an accident. |

| 125. LOCATION OF INJURY (Street and number, or location, and city, and ZIP) |
|---|
| Glamis Dunes, GPS: N32.94968 W115.14801 - Glamis, CA 92248 |

| 126. SIGNATURE OF CORONER / DEPUTY CORONER | 127. DATE mm/dd/ccyy | 128. TYPE NAME, TITLE OF CORONER / DEPUTY CORONER |
|---|---|---|
| (signature) | 12/30/2005 | Michael Mistriel, Deputy Coroner |

**STATE REGISTRAR**

| A | B | C | D | E |
|---|---|---|---|---|
| | | | | |

| FAX AUTH. # | CENSUS TRACT |
|---|---|
| | |

*120054118*

---

CERTIFIED COPY OF VITAL RECORDS
STATE OF CALIFORNIA, COUNTY OF IMPERIAL

I DO HEREBY CERTIFY THAT THE FOREGOING IS A TRUE AND CORRECT
COPY OF THE ORIGINAL RECORD AS FILED IN THIS OFFICE.

DATE ISSUED _____ DEC 3 0 2005 _____



STEPHEN W. MUNDAY, M.D., M.P.H., M.S.
LOCAL REGISTRAR
IMPERIAL COUNTY, CALIFORNIA

This copy is not valid unless prepared on engraved border, displaying the date and signature of the Local Registrar.

# EXHIBIT

# "2"



# United States Department of the Interior

OFFICE OF THE SOLICITOR

Pacific Southwest Region

2800 Cottage Way

Room E-1712

Sacramento, California 95825-1890

IN REPLY
REFER TO:

FEB 2 2007

<u>Certified Mail - Return Receipt Requested</u>

Venus Angelique Hisaw
16302 Rhone Lane
Huntington Beach, CA 92647

Dear Ms. Hisaw:

You have filed a wrongful death claim on behalf of your son, Kyle Przysiecki
(Estate), in the amount of $25,000,000.00 pursuant to the Federal Tort Claims Act,
*28 U.S.C. §§ 2671-2680*, which provides for settlement of claims for damages
caused by the negligent act or omission of a government employee while acting
within the scope of his/her employment under certain specified circumstances.
The Bureau of Land Management has referred this claim to this office for
administrative determination.

The administrative record fails to disclose any factual or legal basis to support a
finding that the United States is responsible for the death of Kyle Przysiecki while
riding his motorcycle at the Imperial Sand Dunes Recreational Area, San
Bernardino County. Therefore, this claim must be and is hereby denied.

If you are dissatisfied with this finding, you may resubmit this claim, together with
your reasons for reconsideration, to the Regional Solicitor, Pacific Southwest
Region, Attn: Donna L. Reynolds, 2800 Cottage Way, Room E-1712,
Sacramento, California 95825, within six months from the date of the mailing of
this decision, or you may file an action in the United States District Court within
that same six months.

Sincerely,

Clementine Berger

Clementine Berger
Deputy Regional Solicitor

cc:
Safety Officer, California State Office

**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| Postage | $ | |
| Certified Fee | | Postmark Here |
| Return Receipt Fee (Endorsement Required) | | |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | |

Sent To

Street, Apt. No.; or PO Box No.

City, State, ZIP+4

PS Form 3800, June 2002                    See Reverse for Instructions

7006 0100 0000 9211 7297

---

**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| Postage | $ | |
| Certified Fee | | Postmark Here |
| Return Receipt Fee (Endorsement Required) | | |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | |

Sent To

Street, Apt. No.; or PO Box No.

City, State, ZIP+4

PS Form 3800, June 2002                    See Reverse for Instructions

7006 0100 0000 9211 7303



UNITED STATES
DEPARTMENT OF THE INTERIOR

OFFICE OF THE SOLICITOR
PACIFIC SOUTHWEST REGION
2800 COTTAGE WAY, RM E-1712
SACRAMENTO, CA 95825-1890

OFFICIAL BUSINESS

CERTIFIED MAIL™

7006 0100 0002 9211 7297

Venus Angelique Hisaw
16302 Rhone Lane
Huntington Beach, CA 92647

UNCLAIMED

# EXHIBIT
# "3"



# United States Department of the Interior

OFFICE OF THE SOLICITOR

Pacific Southwest Region

2800 Cottage Way

Room E-1712

Sacramento, California 95825-1890

IN REPLY
REFER TO:

FEB 2 2007

<u>Certified Mail - Return Receipt Requested</u>

Venus Angelique Hisaw
16302 Rhone Lane
Huntington Beach, CA 92647

Dear Ms. Hisaw:

You have filed a wrongful death claim on behalf of your son, Kyle Przysiecki (Estate), in the amount of $25,000,000.00 pursuant to the Federal Tort Claims Act, *28 U.S.C. §§ 2671-2680*, which provides for settlement of claims for damages caused by the negligent act or omission of a government employee while acting within the scope of his/her employment under certain specified circumstances. The Bureau of Land Management has referred this claim to this office for administrative determination.

The administrative record fails to disclose any factual or legal basis to support a finding that the United States is responsible for the death of Kyle Przysiecki while riding his motorcycle at the Imperial Sand Dunes Recreational Area, San Bernardino County. Therefore, this claim must be and is hereby denied.

If you are dissatisfied with this finding, you may resubmit this claim, together with your reasons for reconsideration, to the Regional Solicitor, Pacific Southwest Region, Attn:   Donna L. Reynolds, 2800 Cottage Way, Room E-1712, Sacramento, California 95825, within six months from the date of the mailing of this decision, or you may file an action in the United States District Court within that same six months.

Sincerely,

Clementine Berger

Clementine Berger
Deputy Regional Solicitor

3-2-07

Resent to attorney:
Michael Avila
6080 Century Drive
Los Angeles, CA 9004

cc:
Safety Officer, California State Office



UNITED STATES
DEPARTMENT OF THE INTERIOR

OFFICE OF THE SOLICITOR
PACIFIC SOUTHWEST REGION
2800 COTTAGE WAY, RM E-1712
SACRAMENTO, CA 95825-1890

OFFICIAL BUSINESS

CERTIFIED MAIL™

7006 0100 0002 9211 7297

UNITED STATES POSTAGE
$04.64⁰
02 1P
0002400447  FEB 02  2007
MAILED FROM ZIP CODE 95825

Venus Angelique Hisaw
16302 Rhone Lane
Huntington Beach, CA 92647

UNCLAIMED

RETURN

2ⁿᵈ NOTICE

9266474127

# EXHIBIT

# "4"

# AVILA & PEROS, LLP

## ATTORNEYS AT LAW

Michael F. Avila
Michael V. Peros
William F. Klausner
Scott M. Halberstadt
Sean P. Paden
John P. Kristensen
Elaine Hsu
John T. Lupton

**LOS ANGELES**
2101 Rosecrans Avenue, Suite 5260
EL SEGUNDO, CALIFORNIA 90245
TELEPHONE: (310) 410-8001
FACSIMILE: (310) 410-8004
Webpage: www.ap-lawfirm.com

**NEWPORT BEACH**
4100 Newport Place, Suite 550
NEWPORT BEACH, CALIFORNIA 92660
TELEPHONE: (949) 838-0260
FACSIMILE: (949) 838-0261



December 19, 2007

Writer's e-mail address:
jpk@a-plaw.com

**VIA U.S. MAIL**
Vicki Wood
Field Manager
Bureau of Land Management
El Centro Field Office
1661 S. 4th Street
El Centro, CA 92243

      **Re:**    Przysiecki v. Eifert, et al.
                 Notice of Claim

Dear Ms. Wood:

    Please find enclosed Venus Angelique Hisaw's Notices of Claims pursuant to the Federal Tort Claims Act against the Bureau of Land Management.

    Should you have any questions or comments relative to the above, please do not hesitate to contact our office.

                  Very truly yours,

                  **AVILA & PEROS, LLP**

                  John P. Kristensen

JPK: nep
Enclosures: As stated

| **CLAIM FOR DAMAGE, INJURY, OR DEATH** | **INSTRUCTIONS:** Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | **FORM APPROVED OMB NO.** 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: <br><br> Attn: Vicki Wood, Field Manager <br> Bureau of Land Management <br> El Centro Field Office, 1661 S. 4th Street <br> El Centro CA 92243 | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, Street, City, State and Zip Code) <br> Venus Angelique Hisaw <br> Michael F. Avila, Avila & Peros, LLP <br> 2101 El Segundo, California 90245 |
|---|---|

| 3. TYPE OF EMPLOYMENT <br> ☐ MILITARY ☒ CIVILIAN | 4. DATE OF BIRTH <br> 12/20/1964 | 5. MARITAL STATUS <br> Married | 6. DATE AND DAY OF ACCIDENT <br> 12/25/2005 | 7. TIME (A.M. OR P.M.) <br> 1:00 P.M. |
|---|---|---|---|---|

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.)
Please See Attachment "A"

| 9. | | PROPERTY DAMAGE | | |
|---|---|---|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side.)

| 10. | | PERSONAL INJURY/WRONGFUL DEATH | | |
|---|---|---|---|---|

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.
Please See Attachments "A" and "C"

| 11. | | WITNESSES |
|---|---|---|
| NAME | | ADDRESS (Number, Street, City, State, and Zip Code) |
| Please See Attachment "B" | | Please See Attachment "B" |

| 12. (See instructions on reverse.) | | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
| N/A | $5,000,000.00 | | $20,000,000.00 | $25,000,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) <br> *Venus Angelique Hisaw* | 13b. Phone number of person signing form <br> (310) 410-8001 | 14. DATE OF SIGNATURE <br> 12/18/2007 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for the civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729.) | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |

95-109        NSN 7540-00-634-4046        STANDARD FORM 95 <br> PRESCRIBED BY DEPT. OF JUSTICE <br> 28 CFR 14.2

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

15. Do you carry accident insurance? ☐ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.    ☒ No

16. Have you filed a claim on your insurance carrier in this instance, and if so, is it full coverage or deductible?    ☐ Yes    ☒ No    17. If deductible, state amount.

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts.)

Not Applicable

19. Do you carry public liability and property damage insurance? ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code).    ☒ No

## INSTRUCTIONS

Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.

### Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY

Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item #12 of this form.

DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

The amount claimed should be substantiated by competent evidence as follows:

*(a)* In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

*(b)* In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

*(c)* In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

*(d)* Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
   A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, D.C. 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

SF 95    BACK

A.      **NAME AND ADDRESS OF THE CLAIMANTS:**

Venus Angelique Hisaw
C/O: Michael F. Avila, Esq.
AVILA & PEROS, LLP
2101 Rosecrans Avenue, Suite 5260
El Segundo, CA 90245
Telephone: (310) 410-8001
Facsimile: (310) 410-8004

B.      **NAME AND ADDRESS OF PERSON TO WHOM CLAIMANT DESIRES NOTICES TO BE SENT:**

Michael F. Avila, Esq.
AVILA & PEROS, LLP
2101 Rosecrans Avenue, Suite 5260
El Segundo, CA 90245
Telephone: (310) 410-8001
Facsimile: (310) 410-8004

C.      **DATE, PLACE AND OTHER CIRCUMSTANCES GIVING RISE TO THE CLAIM:**

Claimant is Venus Angelique Hisaw, the mother of **the deceased Kyle Przysiecki**

The following claims arise from the wrongful death of Kyle Przysiecki that occurred on or about Christmas Day December 25, 2005 in an unincorporated area of Imperial County, California 2005 in the Imperial Sand Dunes Recreation Area that is owned and operated by the United States Government's Bureau of Land Management, an agency within the Department of Interior.

Claimant is informed and believes, and thereon alleges that on or about December 25, 2005, the late Kyle Przysiecki was operating a 2003 Honda CRF 450 motorbike with California license number X07V40 (hereinafter "Motorbike") at approximately 1:00 p.m. when the motorbike was struck by a 2004 Buckshot X5 "Sand Rail", with vehicle identification number 122559315 and no state license plate (hereinafter "Sand Rail")that was driven by Shannon Duane Eifert of 17804 120th Avenue, Nunica, Michigan 49448. Kyle Przysiecki was operating the Motorbike on a sand highway when the Sand Rail entered at an excessive speed. Mr. Eifert was unreasonably and unjustifiably operating the Sand Rail at an excessive speed which was a substantial factor causing Kyle Przysiecki to suffer fatal injuries upon the Motorbike being struck by the Sand Rail.

Claimant is informed and believes, and thereon alleges, that the County of Imperial, State of California, State of California Department of Parks and Recreation and California Highway Patrol assumed responsibilities from the United States Bureau of

**EXHIBIT**
**A**

Land Management's in the operations and management of the Imperial Sand Dunes Recreation Area. Claimants are informed and believe, and thereon allege, that the County of Imperial, State of California, State of California Department of Parks and Recreation, California Highway Patrol and the Bureau of Land Management conscious, malicious and willful disregard in their respective responsibilities were substantial factors contributing to the untimely death of Kyle Przysiecki along with other wrongful acts and omissions.

Claimant is informed and believes, and thereon alleges,that as a direct result of said unlawful conduct on the part of the County of Imperial, State of California, State of California Department of Parks and Recreation, the California Highway Patrol and the Bureau of Land Management Kyle Przysiecki was killed.

**D.    CLAIMS FOR DAMAGES/ AMOUNT OF CLAIM:**

1. Causes of Action

a. Violation of Civil Rights: 42 USC 1981, 1983, 1985, 1986, and 1988;

b. Violation of California Civil Code Section 52.1(b);

c. Violation of Rights of Equal Protection United States Constitution;

d. Violation of Rights to Due Process under the United States Construction;

e. Violation of rights of liberty under the United States Construction;

f. Violation of Article I, §7 of California Constitution;

g. Assault;

h. Battery;

i. Negligent and Intentional Infliction of Emotional Distress;

j. Negligence;

k. Negligent Hiring and Supervision of Unfit Public Employee;

l. Negligent Hiring and Supervision of Employees;

2. Nature of damages:

**EXHIBIT**
**A**

a. economic losses including medical charges, fire department/ ambulance charges, funeral and burial expenses, loss of support/ earnings and property damage;

b. non-economic damages including pain and suffering, grief and sorrow, emotional distress, loss of moral support, loss of consortium, loss of love, loss of companionship;

c. punitive damages;

d. injunctive relief; and

e. attorneys' fees and costs.

3. Amount of Damages:

a. Claimant's damages are in excess of $25,000,000.00.   (Please See §12 of the accompanying Standard Form 95 Prescribed pursuant to 28 CFR 14.2 and 43 CFR 22.3).

**EXHIBIT
A**

## WITNESSES/PUBLIC EMPLOYEE(S) CAUSING OR WITH KNOWLEDDGE OF INJURY:

At this time, claimant believes that the following persons, in addition to the unknown California Highway Patrol Officer(s), Imperial County Sheriff's Department Officer(s) and Employee(s), California Department of Parks and Recreation Officer(s) and Employee(s), United States Bureau of Land Management Officer(s) and Employee(s), would have knowledge regarding the events of this claim and/or participated in the acts and/or omissions which caused the injury(s) to claimants:

| WITNESSES/PUBLIC EMPLOYEE(S) CAUSING OR WITH KNOWLEDDGE OF INJURY | |
|---|---|
| California Highway Patrol Officer<br>J.D. Cheak<br>Badge Number 16842<br>California Highway Patrol<br>2331 Highway 86<br>Imperial, California 92251 | Imperial County Sheriff<br>Harold D. Carter<br>328 Applestill Road<br>El Centro, California 92243 |
| California Highway Patrol Officer<br>M. Davidson<br>Badge Number 17011<br>California Highway Patrol<br>2331 Highway 86<br>Imperial, California 92251 | Imperial County Sheriff's Sergeant<br>Marin<br>Badge Number 848<br>328 Applestill Road<br>El Centro, California 92243 |
| Imperial County Sheriff's Deputy<br>Kelley<br>Badge Number 588<br>328 Applestill Road<br>El Centro, California 92243 | Gold Cross Paramedic<br>S. Holt<br>905 S. Imperial Avenue<br>El Centro, California 92243 |
| Unknown Police Officer(s)<br>Brawley Police Department<br>351 Main Street<br>Brawley, California 92227 | Unknown Deputy(s)<br>Imperial County Sheriff's Department<br>328 Applestill Road<br>El Centro, California 92243 |
| Person Most Knowledgeable<br>California Highway Patrol<br>2331 Highway 86<br>Imperial, California 92251 | Person Most Knowledgeable<br>Imperial County<br>County Administration Center<br>940 West Main Street, Suite 209<br>El Centro, California 92243 |
| Gold Cross Paramedic<br>J. Cerda<br>905 S. Imperial Avenue | Shannon Duane Eifert<br>17804 120t Avenue<br>Nunica, Michigan 49448 |

## EXHIBIT
### B

| WITNESSES/PUBLIC EMPLOYEE(S) CAUSING OR WITH KNOWLEDGE OF INJURY | |
|---|---|
| El Centro, California 92243 | Telephone: (616) 837-7898 |
| Trisha Eifert<br>17804 120t Avenue<br>Nunica, Michigan 49448<br>Telephone: 616) 837-7898 | Richard Otto Rieck<br>9360 Evergreen Drive<br>Traverse City, Michigan 49684<br>Telephone: (231) 275-3430 |
| David Wolfe<br>1302 Millbury Road<br>Northwood, Ohio 43619<br>Telephone: (419) 846-7600 | Matthew Todd Hove<br>2210 S. Lewis Street<br>Anaheim, California 92805<br>Telephone: (714) 939-9878 |
| Person Most Knowledgeable<br>FOX11 KTTV<br>1999 South Bundy Drive<br>Los Angeles, California 90025 | Micheal Przysiecki<br>C/O: Michael F. Avila, Esq.<br>AVILA & PEROS, LLP<br>6080 Center Drive, Suite 725<br>Los Angeles, CA 90045<br>Telephone: (310) 410-8001<br>Facsimile: (310) 410-8004 |

**EXHIBIT
B**

**EXHIBIT**
**C**

CERTIFICATION OF VITAL RECORD

## DEPARTMENT OF PUBLIC HEALTH

# COUNTY OF IMPERIAL

### EL CENTRO, CALIFORNIA

CERTIFICATE OF DEATH

3 2005 13 000823

**1. NAME OF DECEDENT — FIRST (Given)** KYLE
**2. MIDDLE** ROBERT
**3. LAST (Family)** PRZYSIECKI

**AKA, ALSO KNOWN AS** — include full AKA (FIRST, MIDDLE, LAST)

**4. DATE OF BIRTH mm/dd/ccyy** 04/08/1990
**5. AGE Yrs.** 15
**F M DUE HOURS** — **SEX** M

**6. BIRTH STATE/FOREIGN COUNTRY** CA
**7. EVER IN U.S. ARMED FORCES?** NO
**8. SOCIAL SECURITY NUMBER** 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
**9. MARITAL STATUS (at time of Death)** Nev-Mar
**10. DATE OF DEATH mm/dd/ccyy** 12/25/2005
**11. HOUR (24 Hours)** 1408

**12. DECEDENT'S RACE** — Up to 3 races may be listed (see reverse) White

**15. USUAL OCCUPATION** — Type of work for most of life. DO NOT USE RETIRED Student
**16. KIND OF BUSINESS OR INDUSTRY** Public Education
**17. YEARS IN OCCUPATION** 10

**20. DECEDENT'S RESIDENCE (Street and number or location)** 1723 W. Beverly Dr.
**21. CITY** Orange
**22. ZIP CODE** 92868
**23. STATE/FOREIGN COUNTRY** California

**25. NAME, RELATIONSHIP** Angel Eisaw-Przysiecki - Mother
**26. MAILING ADDRESS (Street and number or rural route number, city or town, state, ZIP)** 201 So. Magnolia #43 - Anaheim, CA 92804

**27. NAME OF FATHER — FIRST** Michael
**28. MIDDLE** Ted
**29. LAST** Przysiecki
**30. BIRTH STATE** CA

**31. NAME OF MOTHER — FIRST** Angel
**32. MIDDLE** Venus
**33. LAST** Eisaw
**34. BIRTH STATE** CA

**39. DISPOSITION DATE mm/dd/ccyy** 12/30/2005
**40. PLACE OF FINAL DISPOSITION** RES: Michael Przysiecki 1723 W. Beverly Dr., Orange, CA 92868

**41. TYPE OF DISPOSITION(S)** CR/RES
**42. SIGNATURE OF EMBALMER** Not Embalmed

**43. NAME OF FUNERAL ESTABLISHMENT** Frye Chapel & Mortuary
**44. LICENSE NUMBER** FD 512
**45. SIGNATURE OF LOCAL REGISTRAR** (signed)
**46. DATE mm/dd/ccyy** 12/30/2005

**101. PLACE OF DEATH** Open Desert
**102. IF HOSPITAL, SPECIFY ONE** ☐
**103. IF OTHER THAN HOSPITAL, SPECIFY ONE** ☒ Other

**102A. COUNTY** Imperial
**105. FACILITY ADDRESS OR LOCATION WHERE FOUND (Street and number or location)** Gecko Rd - GPS: N32.94968 W115.14801
**106. CITY** Glamis

**107. CAUSE OF DEATH** → Chest and Abdominal Injuries
Secs
C-05-238

Blunt force trauma
Secs

**111. OTHER SIGNIFICANT CONDITIONS CONTRIBUTING TO DEATH BUT NOT RESULTING IN THE UNDERLYING CAUSE GIVEN IN 107** None

**112. WAS OPERATION PERFORMED FOR ANY CONDITION IN ITEM 107 OR 111?** No

**121. PLACE OF INJURY** Open Desert
**122. DESCRIBE HOW INJURY OCCURRED** The decedent was driving a motorcycle that was involved in an accident.
**123. LOCATION OF INJURY** Glamis Dunes, GPS: N32.94968 W115.14801 - Glamis, CA 92248

**124. SIGNATURE OF CORONER / DEPUTY CORONER** (signed)
**125. DATE mm/dd/ccyy** 12/30/2005
**126. TYPE NAME, TITLE OF CORONER / DEPUTY CORONER** Michael Mistriel, Deputy Coroner

3 2005 411 8

CERTIFIED COPY OF VITAL RECORDS
STATE OF CALIFORNIA, COUNTY OF IMPERIAL

I DO HEREBY CERTIFY THAT THE FOREGOING IS A TRUE AND CORRECT
COPY OF THE ORIGINAL RECORD AS FILED IN THIS OFFICE.

DATE ISSUED   DEC 3 0 2005

STEPHEN W. MUNDAY, M.D., M.P.H., M.S.
LOCAL REGISTRAR
IMPERIAL COUNTY, CALIFORNIA



1  KAREN P. HEWITT
   United States Attorney
2  ERNEST CORDERO, JR.
   Assistant U.S. Attorney
3  State of California Bar No. 131865
   Office of the U.S. Attorney
4  880 Front Street, Room 6293
   San Diego, CA 92101-8893
5  Telephone: (619) 557-7473
   Email: ernest.cordero@usdoj.gov
6
   Attorneys for Defendant
7  United States of America
8
                    UNITED STATES DISTRICT COURT
9
                  SOUTHERN DISTRICT OF CALIFORNIA
10
11  VENUS ANGELIQUE HISAW,              )  Case No. 08cv1214-WQH (RBB)
                                        )
12                                      )  **MEMORANDUM OF POINTS AND**
                     Plaintiff,         )  **AUTHORITIES IN SUPPORT OF**
13                                      )  **MOTION TO DISMISS COMPLAINT**
         v.                             )  **OR, IN THE ALTERNATIVE, FOR**
14                                      )  **SUMMARY JUDGMENT**
                                        )
15  UNITED STATES; and DOES 100, inclusive, )  DATE: October 14, 2008
                                        )  TIME:  11:00 a.m.
16                                      )  CTRM: 4
                     Defendants.        )
17  _____)  Hon. William Q. Hayes
18                                **I.**
19                          **INTRODUCTION**
20       A prerequisite to filing a lawsuit under the Federal Tort Claims Act ("FTCA") is the

21  presentation of an administrative claim to the federal agency involved in the tortious activity.

22  If a timely administrative claim is denied in writing, the claimant may file suit within six months

23  of the date the agency sends the claimant its denial letter via certified or registered mail.  A suit

24  filed beyond the six-month period is jurisdictionally barred.

25       In this case, Plaintiff cannot maintain her FTCA claims because she failed to file suit

26  within six months of the date the Department of the Interior, Bureau of Land Management

27  ("BLM") denied her claim.  As demonstrated by the record, Plaintiff presented an administrative

28  claim to the BLM on January 19, 2007.  BLM sent via certified mail a written

1  denial of the claim to Plaintiff's address of record on February 2, 2007.  Plaintiff did not

2  commence an FTCA action within the six-month limitations period following the denial.

3     On December 21, 2007, Plaintiff filed a second administrative claim with BLM based on

4  the same incident.  This second filing was an apparent attempt to "restart the clock" on the six-

5  month limitations period.  However, as discussed below, applicable law does not permit

6  Plaintiff to resurrect her claims by filing a second administrative claim.  Because Plaintiff did

7  not file this suit within six months of the denial of her first administrative claim, the Court lacks

8  subject matter jurisdiction to hear Plaintiff's FTCA causes of action in this case.

9     Finally, Plaintiff also has alleged a claim under 42 U.S.C. § 1983.  However, the United

10  States is not a proper party to a Section 1983 claim.  Therefore, Plaintiff's Section 1983 claim

11  should be dismissed.

12  **II.**

13  **PROCEDURAL HISTORY AND BACKGROUND FACTS**

14     This case arises out of the death of Plaintiff's son, Kyle Przysiecki, in an off-road

15  accident which occurred while he was riding his motorbike at the Imperial Sand Dunes

16  Recreation Area ("ISDRA").  (Complaint, ¶ 9.)  On January 19, 2007, Plaintiff filed an

17  administrative claim with BLM alleging negligence with respect to BLM's staffing, maintenance

18  and supervision of the ISDRA (hereinafter, "First Administrative Claim").  (Declaration of Donna

19  L. Reynolds ("Reynolds Decl."), ¶ 1; First Administrative Claim, Exhibit 1 to Reynolds Decl.)[1/]

20  Plaintiff filed the claim in her own name.  (Id.)  Nowhere in the claim is there any reference to

21  an attorney representing Plaintiff.  (Id.)[2/]

22

_____

23  [1/]     The date of claim presentation is deemed to be the day the agency receives the
administrative claim.  28 C.F.R. § 14.2(a) (a formal claim is not filed for purposes of 28 U.S.C.
24  § 2401(b) until a federal agency receives written notification of an incident and a claim from
the claimant, an authorized agent or representative); see also Bailey v. United States, 642 F.2d
25  344, 346 (9th Cir. 1981); Moya v. United States, 35 F.3d 501, 504 (10th Cir. 1994).

26  [2/]     Currently pending before the Court is a related case entitled The Estate of Kyle
Przysiecki, et al. v. Shannon Duane Eifert, et al., Case No. 07cv0039-WQH (RBB).  That case,
27  and this action, both involve claims arising out of the death of Plaintiff's son, Kyle Przysiecki.
In a Motion to Join as Intervenor filed by Plaintiff in the related case, she stated that a conflict
28  of interest prevented Avila & Peros, LLP from representing both her and Michael Przysiecki
(continued...)

2

1    In her First Administrative Claim, Plaintiff listed her address as 16302 Rhone Lane,

2  Huntington Beach, CA 92647.  (Reynolds Decl., ¶ 2; First Administrative Claim, Exhibit 1 to

3  Reynolds Decl.) On February 2, 2007, BLM sent Plaintiff a letter denying the claim via certified

4  mail.  (Reynolds Decl., ¶ 2; February 2, 2007 Denial Letter (see envelope attached to the

5  letter), Exhibit 2 to Reynolds Decl.)  The letter was sent to the same address listed in Plaintiff's

6  administrative claim.  (Id.)

7    On or about February 26, 2007, the Postal Service returned the denial letter to BLM with

8  an explanation that the letter had been unclaimed.  (Reynolds Decl., ¶ 3; February 2, 2007

9  Denial Letter (see notations from Postal Service on envelope attached to the letter), Exhibit 2

10  to Reynolds Decl.)  The documentation from the Postal Service appears to indicate that notice

11  of the letter was left at Plaintiff's residence on February 5 and February 15, 2007 before the

12  letter was returned to BLM on February 26, 2007.  (Id.)

13    Although Plaintiff was not represented by an attorney when she filed her First

14  Administrative Claim, on March 2, 2007 BLM sent a copy of the denial letter to Michael Avila

15  of the Avila & Peros firm because he was the attorney representing the Estate of Kyle

16  Przysiecki and might be in contact with Plaintiff.  (Reynolds Decl., ¶ 4; Denial Letter with

17  Notation of Mailing to Attorney, Exhibit 3 to Reynolds Decl.)  BLM has no record of any

18  communications from Mr. Avila in response to the letter.  (Reynold Decl., ¶ 4.)

19    On December 21, 2007, BLM received a Second Administrative Claim from Plaintiff

20  which was presented to BLM by the Avila & Peros firm on Plaintiff's behalf.  (Reynolds Decl.,

21  ¶ 5; Second Administrative Claim, Exhibit 4 to Reynolds Decl.)  Plaintiff filed this suit on July 1,

22  2008. (Complaint, Clerk's Docket No. 1.)  BLM did not act on the Second Administrative Claim

23  prior to the filing of this suit.  (Reynolds Decl., ¶ 5.)

24

25  _____

[2]/(...continued)

26  in that action.  (See Motion to Join as Intervenor, Case No. 07cv0039, Clerk's Docket No. 46,
pp. 6-7.)  Presumably, the conflict was the same reason the Avila & Peros firm did not

27  represent Plaintiff when she filed her First Administrative Claim.  However, the Avila & Peros
firm did file a Second Administrative Claim on behalf of Plaintiff which BLM received on

28  December 21, 2007. (Reynolds Decl., ¶ 5; Second Administrative Claim, Exhibit 4 to Reynolds
Decl.)

### III.

### PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED

**A.    PLAINTIFF'S FTCA CLAIMS MUST BE DISMISSED DUE TO THE COURT'S LACK OF SUBJECT MATTER JURISDICTION**

The United States, as sovereign, is immune from suit save as it consents to be sued. United States v. Dalm, 494 U.S. 596, 608 (1990); United States v. Mitchell, 445 U.S. 535, 538 (1980); Quarty v. United States, 170 F.3d 961, 972 (9th Cir. 1999). The right to sue the United States can be acquired only by specific consent of Congress; and the terms of such consent narrowly define a district court's jurisdiction to entertain suit on any given matter. FDIC v. Meyer, 510 U.S. 471, 475 (1994); United States v. Sherwood, 312 U.S. 584, 586-87 (1941).

A jurisdictional prerequisite to suing the United States in tort is the filing of an administrative claim with the appropriate federal agency, as required by 28 U.S.C. § 2675(a). Brady v. United States, 211 F.3d 499, 502 (9th Cir. 2000); Cadwalder v. United States, 45 F.3d 297, 300 (9th Cir. 1995). The administrative claim must be presented to the agency within two years of the claim's accrual. 28 U.S.C. § 2401(b). Once an FTCA claim has been presented, the involved federal agency has six months to act. See 28 U.S.C. § 2675(a). A claimant can file suit under the FTCA only after the agency denies his claim in writing or, in the alternative, after the agency fails to make a final disposition of the claim within six months. Id. If the agency does not act within six months, the claimant may deem the agency's silence to be a final denial. Lehman v. United States, 154 F.3d 1010, 1013 (9th Cir. 1998).

There is a six-month statute of limitations for filing an FTCA lawsuit when an agency denies a claim in writing. 28 U.S.C. § 2401(b); Erlin v. United States, 364 F.3d 1127, 1130 (9th Cir. 2004). Specifically, a claimant must file an FTCA lawsuit within six months "after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." Parker v. United States, 935 F.2d 176, 177 (9th Cir. 1991). A district court does not have jurisdiction to hear a tort claim against the United States unless the claimant files a complaint in federal court within six months after the final agency decision. Goodman v. United States, 298 F.3d 1048, 1053 (9th Cir. 2002). Administrative exhaustion

1   requirements are jurisdictional and must be interpreted in favor of the United States because

2   they involve a waiver of sovereign immunity.  <u>Vacek v. United States Postal Service</u>, 447 F.3d

3   1248, 1250 (9th Cir. 2006).

4       Here, Plaintiff filed her first administrative claim related to the death of her son on

5   January 19, 2007.  On February 2, 2007, BLM denied the claim in a letter sent via certified mail

6   to Plaintiff's address of record.  Plaintiff therefore had six months from the date of denial to file

7   her FTCA lawsuit.  However, she did not file this case until July 1, 2008, approximately one

8   year and five months later.  This was well beyond the six-month limitations period.

9       Plaintiff may argue that the six-month limitations period did not begin to run on

10  February 2, 2007 because she did not receive actual notice of the denial letter.  Instead, the

11  letter was returned to BLM as "unclaimed."  However, this argument is not consistent with the

12  statutory language of Section 2401(b) which does not require actual notice, but instead states

13  that an action must be instituted "within six months after **the date of mailing**, by certified or

14  registered mail, of notice of final denial of the claim by the agency to which it was presented."

15  28 U.S.C. § 2401(b) (emphasis added).

16      The Ninth Circuit also has held that actual notice of an administrative claim's denial is

17  <u>not</u> required to start the six-month limitations period for filing suit.  In <u>Berti v. V.A. Hospital</u>, 860

18  F.2d 338, 340 (9th Cir. 1988), the Veterans Administration sent a letter denying a claim by

19  certified mail to a claimant's attorney.  The letter was returned and marked "unclaimed."  A

20  second letter was sent to a new address for the attorney.  It also was returned and marked

21  "unclaimed."  A third letter to the attorney finally was claimed.  The plaintiff then filed an FTCA

22  action more than six months after the first unclaimed denial letter had been mailed.  The

23  plaintiff argued that the six-month period began only when actual notice of denial was received,

24  not as of the date of the first unclaimed letter.  The Ninth Circuit rejected this argument.

25          Section 2401(b) designates the date of the certified mailing as the
            starting point for the six-month statutory period.  Berti would have
26          this court impose the additional requirement that the mailing result
            in actual notice to the claimant.  Yet, in the face of clear statutory
27          language that begins the running of the statutory period from the
            date of mailing of a certified or registered letter, Berti's request
28          would "enlarge that consent to be sued which the Government,
            through  Congress,  has  undertaken  so  carefully  to  limit."

1
2
3
4

> [Citation.]... Accordingly, we refrain from adopting Berti's proposal, and hold that the date of the initial mailing of a properly certified or registered letter begins the six-month statutory period. Berti's complaint, filed August 21, 1985, was thus untimely as it was filed more than six months after December 7, 1984, the mailing date of the V.A.'s first denial letter.

5
6
7

Berti v. V.A. Hospital, 860 F.2d at 340; see also Claremont Aircraft, Inc. v. United States, 420 F.2d 896, 898 (9th Cir. 1969) (date of certified mailing commences the six-month statutory period).

8
9
10
11
12
13
14
15
16
17

Consistent with Berti, Plaintiff in this case had to file suit within six months of BLM's February 2, 2007 denial of her claim. If Plaintiff did not receive actual notice of the denial, it was not due to any fault on the part of BLM. The denial letter was sent via certified mail to the address on Plaintiff's administrative claim. If this Court were to impose an actual notice requirement, it would run contrary to the Ninth Circuit's holding in Berti that actual notice is not required. Berti v. V.A. Hospital, 860 F.2d at 340. Furthermore, courts have held that the six-month limitations period, established by Congress, must be strictly observed and exceptions thereto are not to be implied. See, e.g., Claremont Aircraft, Inc. v. United States, 420 F.2d at 898. The period for filing an action is jurisdictional and subject neither to estoppel principles nor to equitable considerations. Burns v. United States, 764 F.2d 722, 724 (9th Cir. 1985).

18
19
20
21
22
23
24
25
26

The fact that the six-month limitations period runs even when the claimant does not have actual notice of the agency's written denial does not prejudice diligent claimants. This is so because the law allows a claimant to file suit if the agency does not act on an administrative claim within six months. 28 U.S.C. § 2675(a). As a consequence, a diligent claimant can file suit after six months pass without a response from the agency whether or not there has been a written denial. Alternatively, the claimant can inquire about the status of the claim if there is no response within six months. In sum, diligent claimants are able to prevent any prejudice to themselves in the event a denial letter does not reach them once six months from the presentation of the claim have passed.

27
28

Finally, Plaintiff filed a second administrative claim on December 21, 2007. Plaintiff may argue that even if she waited too long to file suit based on the date her first administrative

08cv1214

1   claim was denied, the second administrative claim allows her to start over with a new

2   limitations period.  However, this position is not supported by the law.

3       The issue was addressed in Willis v. United States, 719 F.2d 608, 613 (2d Cir. 1983).

4   There, several plaintiffs filed administrative claims with the Postal Service but failed to file their

5   respective FTCA actions within six months of denial of their claims.  Plaintiffs then filed a

6   second set of suits and administrative claims.  They also requested the district court to deem

7   the second set of administrative claims timely and proper.  In an opinion authored by Judge

8   Friendly, the Court of Appeals rejected the notion that plaintiffs could "start over" after failing

9   to file suit within six months of the denial of their initial claims simply by filing additional

10  administrative claims.

> There is equally little force in the contention that plaintiffs could escape the consequences of their failure to bring suit within six months of the denial of their claims by filing new claims within the allowable two year period.  If Congress mandated that suit be brought within six months after administrative denial of a claim, as we hold that it did, the bar cannot be avoided by starting all over again.

15  Willis v. United States, 719 F.2d at 613.

16      In this case, Plaintiff failed to file suit within six months of the denial of her first

17  administrative claim.  Similar to the plaintiffs in Willis, she could not simply start over by filing

18  a second administrative claim.  Accordingly, Plaintiff's FTCA claims should be dismissed.[3/]

19      **B.    PLAINTIFF'S 42 U.S.C. § 1983 CLAIM SHOULD BE DISMISSED**

20      The United States is not a proper party to an action brought under 42 U.S.C. § 1983.

21  Hindes v. Federal Deposit Insurance Corporation, 137 F.3d 148, 158-59 (3d Cir. 1998).  By its

22  plain language, the statute does not authorize redress against the United States.  Davis v.

23  United States, 439 F.2d 1118, 1119 (8th Cir. 1971).  Federal agencies also are immune from

24  suit under Section 1983 because Congress has not consented to such suits.  See Gerritsen

25  v. Consulado General de Mexico, 989 F.2d 340, 343 (9th Cir. 1993).  Congress also has not

26

27  _____

28      [3/]    The FTCA claims alleged in the Complaint are the First Cause of Action (Negligence), the Second Cause of Action (Premises Liability) and the Fourth Cause of Action (Wrongful Death).

1 | consented to suit against federal agencies under Bivens.[4/]  See FDIC v. Meyer, 510 U.S. 471,

2 | 486 (1994).   Based on the foregoing authority, Plaintiff's Section 1983 claim should be

3 | dismissed.

**IV.**

**CONCLUSION**

For the foregoing reasons, the Complaint should be dismissed in its entirety.


DATED:  August 28, 2008                    KAREN P. HEWITT
                                           United States Attorney

                                           s/ Ernest Cordero, Jr.

                                           ERNEST CORDERO, JR.
                                           Assistant U.S. Attorney

                                           Attorneys for Defendant
                                           United States of America

---

[4/]        In Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court established an implied private right of action against federal officials for tortious deprivations of constitutional rights.   Bruns v. National Credit Union Administration, 122 F.3d 1251, 1255 (9th Cir. 1997).  Bivens is the federal analog to suits brought against state officials under 42 U.S.C. § 1983. Hartman v. Moore, 545 U.S. 1130, 126 S.Ct. 1695, 1700 n. 2 (2006).