# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VENUS ANGELIQUE HISAW,<br><br>                    Plaintiff,<br>vs.<br>UNITED STATES; and DOES 1-100, inclusive,<br><br>                    Defendants. | CASE NO. 08cv1214 WQH (RBB)<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the Motion to Dismiss (Doc. #7) filed by the United States.

## **Background**

This action arises out of the death of Kyle Przysiecki, a 15 year old minor who was killed in a motor vehicle collision. *Compl.,* ¶ 1. On July 8, 2008, Plaintiff Venus Angelique Hisaw, the decedent's mother, filed a Complaint against the United States and Does 1-100 alleging causes of action against the United States pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-80, and 28 U.S.C. § 1983 (Doc. #1).

On August 8, 2008, the United States filed a Motion to Dismiss the Complaint based, in part, on Plaintiff's failure to file the Complaint within six months after the final denial of her administrative claim (Doc. #7). On October 1, 2008, Plaintiff filed a Response in Opposition to the Motion to Dismiss (Doc. # 9). On October 6, 2008, the United States filed a Reply (Doc. # 10). On January 12, 2009, the Court heard oral argument (Doc. # 13).

08cv1214 WQH (RBB)

## **Discussion**

**I.    Plaintiff's FTCA Claims**

The United States asserts that the Court lacks subject matter jurisdiction because Plaintiff filed the Complaint more than six months after the Bureau of Land Management ("BLM") sent the final administrative denial letter to Plaintiff via certified mail. The United States asserts that on January 19, 2007, Plaintiff filed an administrative complaint with the BLM. *Mot. to Dismiss*, p. 2; *Reynolds Decl.*, ¶ 1. The United States asserts that on February 2, 2007, the BLM sent a final administrative denial letter via certified mail to Plaintiff at the address listed in her claim. *Mot. to Dismiss*, p. 3; *Reynolds Decl.*, ¶ 2. The United States asserts that on or about February 26, 2007, the final administrative denial letter was returned unclaimed to the BLM by the Postal Service. *Mot. to Dismiss*, p. 3; *Reynolds Decl.*, ¶ 3.

Plaintiff asserts that she has an indefinite amount of time to file suit because she did not receive actual notice of the final denial of her administrative claim. Plaintiff asserts that the cases relied upon by the United States cannot be reconciled with more recent decisions.

The FTCA provides that "[a] tort claim against the United States shall forever be barred . . . unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. §2401(b) (2000). "[T]he date of the initial mailing of a properly certified or registered letter begins the six-month statutory period." *Berti v. V.A. Hosp.*, 860 F.2d 338, 340 (9th Cir. 1988) (rejecting contention that only mailing which plaintiff receives triggers six month statutory period). "[I]n the face of clear statutory language that begins the running of the statutory period from the date of mailing of a certified or registered letter, [requiring actual receipt of the letter] would 'enlarge that consent to be sued which the Government, through Congress, has undertaken so carefully to limit.'" *Id.* (quoting *Claremont Aircraft, Inc. v. United States*, 420 F.2d 896, 898 (9th Cir. 1970)).

Under section 2401(b) and the decision in *Berti,* Plaintiff's six month period for filing her FTCA claims began running when BLM sent the final administrative denial letter to Plaintiff via certified mail; actual notice of the final administrative denial was not required.

The cases relied upon by Plaintiff are distinguishable. *See Matos v. United States*, 380 F. Supp.2d 36, 40 (D.P.R. 2005) (holding that an agency must resend an administrative denial letter to an alternative mailing address if an alternate mailing address is included with the administrative complaint to begin the statute of limitations); *Graham v. United States*, 96 F.3d 446, 448 (9th Cir. 1996) (holding that an agency must send an administrative denial letter to the attorney of record, if available, to begin statute of limitations); *Parker v. United States*, 935 F.2d 176 (9th Cir. 1991) (holding that the filing of an administrative complaint does not begin statute of limitations); *Pipkin v. United States Postal Service*, 951 F.2d 272 (10th Cir. 1991) (holding that actual notice of an administrative denial sufficient to begin statute of limitations, even if not sent by certified or registered mail). The United States has shown that on February 7, 2007, BLM sent Plaintiff a letter denying Plaintiff's claim via certified mail. *See Reynolds Decl., ¶* 2. Plaintiff did not file Complaint in this action until July 8, 2008. The Court concludes that it lacks jurisdiction over this action because Plaintiff failed to file her Complaint within six months of BLM's certified mailing of the final administrative denial letter. The Motion to Dismiss Plaintiff's FTCA claims is **GRANTED**.

**II.     Plaintiff's § 1983 Claim.**

The United States contends that Plaintiff's section 1983 claim should be dismissed on grounds that the United States is not a proper party to an action brought under 42 U.S.C. § 1983, and that Plaintiff failed to oppose the United States' Motion to Dismiss this claim. *Mot. to Dismiss,* pp. 7-8; *Reply*, p. 7.

The United States is not a proper defendant in an action brought under 42 U.S.C. § 1983. *Accardi v. United States,* 435 F.2d 1239, 1240 (3d Cir. 1970); *accord Fixel v. United States,* 1991 U.S. App. LEXIS 18366. Plaintiff does not oppose the Motion to Dismiss her section 1983 claim. The Motion to Dismiss Plaintiff's section 1983 claim is **GRANTED.**

1 **Conclusion**

2 IT IS HEREBY ORDERED that the Motion to Dismiss Plaintiff's Complaint (Doc. #

3 7) is **GRANTED**. The above-captioned action is **DISMISSED**.

4 DATED: January 15, 2009

5

6 **WILLIAM Q. HAYES**
United States District Judge